IN THE

# SUPREME COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY AND NOVEMBER TERMS, 1911, IN
THE NINETY-FIFTH AND NINETY-SIXTH YEARS
OF THE STATE.

---

## MACBETH EVANS GLASS COMPANY *v.* AMAMA.

[No. 21,877. Filed June 2, 1911.]

1. WORK AND LABOR.— *Wages.— Contracts.— Breach.— Liquidated Damages.*—Where a laborer shows that there is due to him from defendant company for labor performed a certain sum, the defendant cannot avoid payment on the ground that such laborer proposed that he would work for defendant for five years, as paste mold gatherer, conditioned upon its acceptance thereof within five days, that the company should retain five per cent of his wages as liquidated damages if he should fail so to work, that he failed so to work, and that the sum retained was such five per cent, where the evidence failed to show that the company accepted such proposal, and where it showed that he worked as paste mold gatherer three days and then was set to work at "blowing." p. 2.

2. CONSTITUTIONAL LAW.—*Attorneys' Fees.—Defendants' Liability for, in Cases for Wages.*—Sections 7996, 7999 Burns 1908, Acts 1887, p. 13, §§1, 4, requiring wages to be paid at least bi-weekly and providing that for a failure to pay, after a ten days' demand, defendant shall be liable to a penalty "and a reasonable attorneys fee," are constitutional. p. 4.

From Grant Circuit Court; *H. J. Paulus*, Judge.

Action by Louis Amama against the Macbeth Evans Glass Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*B. H. Campbell, E. R. Call, Joseph F. Cowern* and *F. E. Matson,* for appellant.

*Stephen McSwiggan,* for appellee.

MORRIS, J.—Appellee sued appellant, on account, for the performance of labor. The complaint was filed November 19, 1907. It alleged that defendant was a corporation engaged in manufacturing and selling glassware, and was indebted to plaintiff in the sum of $85.85 for work and labor performed by him as a glassworker; that demand therefor was made on November 2, 1907, and refused; that plaintiff was compelled to employ an attorney to prosecute this action, and the value of his services was $35, for which plaintiff also prays judgment.

Defendant filed an answer, alleging that plaintiff and defendant executed a written contract, filed as an exhibit to the answer, in which it was provided that plaintiff should work for defendant for a term of five years for certain wages, and that the company should retain five per cent of the wages earned, as a guarantee for the faithful performance of the contract, and for any breach thereof by plaintiff the money so retained should revert to the company as liquidated damages for the breach; that plaintiff commenced work under the provisions of the contract in October, 1906, and afterwards, without the consent of the company, quit defendant's service, and has since refused to work for the company; that the account sued on is for the sum retained by defendant under the terms of the contract; that plaintiff broke said contract by voluntarily quitting defendant's service, and that he is not entitled to recover.

The exhibit is dated October 10, 1906, and recites that defendant is a Pennsylvania corporation, having its principal office in the city of Pittsburgh, Pennsylvania.

The instrument contains the following provisions:

"The workman does hereby agree to enter the employment of the company on the terms mentioned below, as paste mold gatherer, at Marion, Indiana, and to per-

form his duties in a faithful and workmanlike manner, and in consideration thereof the company, provided the workman is competent, does hereby agree to employ and keep the workman in its employ for a period of five years, while the factory of the company is in operation, on the following terms: [here follows a schedule of wages and the provision for retaining five per cent of the workman's wages, the substance of which is given above.] This agreement not to be effective until accepted by the company, and if accepted, notice shall be given to the workman within five days after this date.''

Appellant, in its answer, alleges that within five days from the date of the contract, written notice was given appellee of its acceptance by appellant.

Appellee contends that the contract did not bind him to work for appellant for a period of five years, or any definite period; while appellant maintains that when appellee voluntarily quit its service within the five-year period, he forfeited any right to the five per cent of wages retained. It is not necessary for the court to decide this matter, because there was no evidence that appellant, within five days from the date of the contract, or afterwards, in any manner, gave any notice to appellee of its acceptance of the contract, nor was there any evidence that the contract was accepted by appellant. The undisputed evidence shows that after signing the written instrument appellee worked for three days as paste mold gatherer, and was then set to work at "blowing," which, the evidence shows, is a different trade, and that he did not afterwards work as paste mold gatherer. There is no evidence that would warrant the court in considering the written instrument as applicable to the facts.

At the trial it was admitted by the parties that appellee earned during his employment $990.45, and had been paid only $907.35. The judgment was for the difference between these two amounts, and the additional sum of $25 allowed for appellee's attorneys' fees. This allowance of attorneys'

fees was made pursuant to §§7996, 7999 Burns 1908, Acts 1887 p. 13, §§1, 4.

Appellant contends that the statute providing for the allowance of attorneys' fees does not apply, because of the written contract; and further that the statute is invalid because it violates article 1, §23, of the Constitution of Indiana. The first contention has already been disposed of in this opinion. In the case of *Seelyville Coal, etc., Co.* v. *McGlosson* (1906), 166 Ind. 561, 117 Am. St. 396, it was held that this statute was not in violation of the provision of our Constitution just cited. We adhere to that decision.

There is no error in the record. Judgment affirmed.