### THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* SCHMUCK.

[No. 22,001. Filed November 20, 1913. Rehearing denied March 12, 1914.]

1. MUNICIPAL CORPORATIONS.— *Public Improvements.—Foreclosure of Assessment Liens.—Statutes.*—Although §§1, 2 of the act of February 22, 1899, as amended in 1901, (§§3626a, 3626b Burns 1901) relating to actions for the enforcement of assessment liens accruing on account of the construction of sewers, etc., and the recovery of attorney fees in such actions, were superseded by the provisions of §8721 Burns 1908, Acts 1907 p. 550, §3, relating to the same subject, plaintiff's action to enforce an assessment lien for a sewer construction commenced in 1903 under the Artman Act (Acts 1901 p. 534, §3623a Burns 1901) was in no way affected by §8721 Burns 1908, by reason of the saving clause in §9016 Burns 1908, Acts 1905 p. 219, §272, and is therefore governed by the provisions of §3626a Burns 1901. p. 327.

2. MUNICIPAL CORPORATIONS.—*Public Improvements.—Foreclosure of Assessment Liens.—Statutes.—Repeal.*—Section 3626a Burns 1901, Acts 1901 p. 363, relating to actions for the enforcement of assessment liens on account of sewer construction, was not repealed by the Artman Act (Acts 1901 p. 534) relating to the construction of sewers, etc. p. 327.

3. MUNICIPAL CORPORATIONS.— *Public Improvements.—Foreclosure of Assessment Liens.—Complaint.—Allegation of Notice.*—In an

action to foreclose a sewer assessment lien, controlled by §3626a Burns 1901, Acts 1901 p. 363, providing that no such action shall be maintained "unless it be shown to the court" that the owner of the property assessed was notified of the assessment at least ten days before the suit was commenced, the complaint need not allege that such notice was given. p. 328.

4. MUNICIPAL CORPORATIONS.— *Public Improvements.—Foreclosure of Assessment Liens.—Plea in Abatement.—Waiver.*—In an action for the foreclosure of a sewer assessment lien, controlled by the provisions of §3626a Burns 1901, Acts 1901 p. 363, relating to the giving of notice of an assessment before bringing an action for its enforcement, the defense that no notice of the assessment was given as contemplated by said section must be presented by plea in abatement and failure to so present it is a waiver of the defense. pp. 328, 329.

5. ABATEMENT.—*Grounds.—Premature Action.*—That an action is prematurely brought is ground for abatement, and the objection is waived if not so pleaded. p. 329.

6. PARTIES.—*Demurrer.—Questions Raised.—Defect of Parties.*— That there is a defect of parties defendant cannot be presented by demurrer for want of facts, and where the defect is apparent on the face of the complaint, the question is waived by failure to demur for defect of parties. p. 329.

7. MUNICIPAL CORPORATIONS.—*Public Improvements.—Assessments. —Payment of Bonds.—Status.*—Under §6 of the Artman Act (§3623f Burns 1901, Acts 1901 p. 534) providing that assessments against each parcel of land shall be collected in ten equal annual installments, and that on June 1st of each year the city treasurer shall ascertain the amount of the assessments collected, applicable to the payment of bonds, and determine the particular bond, beginning with the lowest number, that shall be paid from the fund collected, and authorizing the payment at any time of an entire assessment, or any installment thereof, etc., it is not necessary that the proceeds of each installment should be applied to the payment of a bond of its corresponding number. p. 330.

8. CONSTITUTIONAL LAW.—*Municipal Corporations.—Foreclosure of Assessment Liens.— Attorney's Fees.— Statutes.*— Section 3626b Burns 1901, Acts 1899 p. 88, §2, providing that attorney's fees in an action to enforce the payment of a sewer assessment shall not exceed the amount of the assessment, or unpaid fraction thereof, is not unconstitutional as depriving a defendant in such action of his property without due process of law and as denying the equal protection of the law. p. 331.

From Blackford Circuit Court; *Charles E. Sturgis,* Judge.

Action by Henry M. Schmuck against The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*George E. Ross,* for appellant.
*Aaron M. Waltz* and *Ethan W. Secrest,* for appellee.

MORRIS, J.—This was an action by appellee against appellant to foreclose a sewer assessment lien on appellant's real estate in Hartford City. It is alleged in the complaint that the property was assessed in a certain sum for the construction of a sewer; that bonds were issued to the contractor, who sold and transferred the one in suit to appellee. There is a demand for the principal and interest due on the bond, for the value of appellee's attorney's fees, and a foreclosure of the assessment lien. Appellant's demurrer to the complaint, for insufficient facts, was overruled, and the cause was tried on the issues formed by appellant's answer of general denial. The court found the facts specially, and concluded therefrom that appellee was entitled to recover $323.75, and the further sum of $100 as the reasonable value of the plaintiff's attorney's services, and to a foreclosure of the lien. Appellant's motion for a new trial was overruled.

The sewer in controversy was constructed under the act of 1901 (Acts 1901 p. 534, §3623a Burns 1901), commonly called the Artman Act, pursuant to a resolution of the common council of Hartford City, adopted in August, 1901. The bond here involved was issued in February, 1903, payable to bearer, and delivered to the contractor. Appellant asserts that the complaint is insufficient under either §3626a Burns 1901, Acts 1901 p. 363, or §8721 Burns 1908, Acts 1907 p. 550, §3, because it does not aver notice to appellant, prior to the commencement of the action, as required by each of said sections; also that the court's conclusions of law are erroneous, because it was not found that such

notice was given, and further that the finding is unsupported by any evidence of the giving of such notice.

Section 3626a Burns 1901, which is §1 of an act approved February 22, 1899, as amended in 1901 (Acts 1899 p. 88, Acts 1901 p. 363) provides that "No action shall be maintained for the enforcement of any lien, or assessment for any benefit accruing to real estate, * * * by construction of sewer, * * * unless it be shown to the court * * * that at least ten days before the commencement of such suit such owner * * * was notified of such assessment, including the amount thereof, * * * and where the same is payable. * * *" Section 3626b Burns 1901, which is §2 of the act approved February 22, 1899 (Acts 1899 p. 88), provides that attorney's fees in such action shall not exceed the amount of the assessment, or unpaid fraction thereof. Section 8721 Burns 1908, *supra,* is §116 of the cities and towns act of 1905, as amended in 1907 (Acts 1905 p. 219; Acts 1907 p. 550, §3), and became a law March 12, 1907. It authorizes proceedings to enforce the liens of sewer and street improvement assessments, in courts of competent jurisdiction, but provides that "no such suit *shall lie,* or *be filed* [italics ours] unless and until the person owning the property * * * is served with *fifteen days' personal written notice.* * * * And in no case shall attorney's fees exceed fifty per centum of the amount of the delinquent installment or assessment or where the delinquent installment or assessment sued on exceeds fifty dollars, such attorney's fees shall not exceed ten per centum on the first one hundred dollars, and five per centum on the excess thereof. * * * No action shall be maintained for such foreclosure which is not commenced within five years from the time of action accrued." Section 116, of the act of 1905 (Acts 1905 p. 219) before the amendment of 1907, provided that in foreclosure suits against persons not electing to pay installments, a ten days' notice, "before bringing suit to foreclose" should be given the owner. The

section further required such foreclosure suit to be brought within three years, after the accrual of the right of action. Section 272, of the cities and towns act of 1905, (Acts 1905 p. 219, §9016 Burns 1908) is as follows: ''All former laws within the purview of this act except laws not inconsistent herewith and enacted at the present session of the general assembly, are hereby repealed; but this repeal shall not affect any right acquired, franchise granted, or contract entered into, under any such former law, nor shall it affect any pending litigation or proceedings thereunder, but the same shall be concluded and judgment rendered and enforced as if this act had never been passed.'' The act of 1901, under which the sewer was constructed, in §6 thereof (Acts 1901 p. 534, §3623f Burns 1901), authorized the maintenance of foreclosure proceedings to enforce the collection of delinquent assessments. The act did not limit the time within which the foreclosure proceedings should be commenced, and provided for the collection of reasonable attorney's fees. It contained no provision requiring previous notice to the owner.

This action was commenced April 18, 1907. It is obvious that §§1 and 2 of the act of February 22, 1899, as amended in 1901, (§§3626a, 3626b Burns 1901) were superseded

1. by the provisions of §8721 Burns 1908, *supra,* but we are of the opinion that, by reason of the saving clause in §272 of the cities and towns act of 1905,

2. §9016 Burns 1908, *supra,* appellee's cause of action here was in nowise affected thereby. Appellee insists that §3626a, *supra,* was repealed in so far as it applied to cities (such as Hartford City) not operating under a special charter, by the Artman Act. Section 9 of the Artman Act (Acts 1901 p. 534) repeals all laws in conflict therewith, but we are of the opinion that there is no such conflict between §3626a, *supra,* and any provision of the Artman Act as would warrant the conclusion that the General Assembly of 1901 intended to repeal the above section.

As a result of this conclusion, we hold that the action here is governed by the provisions of §3626a Burns 1901, Acts 1901 p. 363. In *Edwards* v. *Cooper* (1907), 168 3. Ind. 54, 79 N. E. 1047, it was contended as appellant does here, that a complaint, failing to aver the notice provided in §3626a, *supra,* was not sufficient to repel a demurrer. In its opinion, holding the complaint sufficient, this court said: "The provision is that 'no action shall be *maintained* [not commenced] * * * unless it be *shown to the court* [not until notice is given] that' etc. (Our italics) * * * We cannot, however, regard the statute as a limitation upon the right of action which the legislature provided for." The opinion was delivered January 31, 1907, while the legislature was in session. The amendment of §116, of the cities and towns act, (§8721 Burns, *supra*) followed on March 12, 1907, and provides that no foreclosure suit "shall lie or be filed." in the absence of the statutory notice. However, as §8721, *supra,* has no application here, we hold, following the opinion in *Edwards* v. *Cooper, supra,* that the court did not err in overruling appellant's demurrer to the complaint. It is proper here to observe that the complaint is silent on the subject of notice. If it alleged the giving of a notice, but one not in compliance with the statutory provision, a different question might be presented.

Did the court err in overruling the motion for a new trial, because there was no evidence of notice given appellant pursuant to the provisions of §3626a, *supra?*

4. The appellee asserts that such defense must be presented by a plea in abatement, and, appellant having failed to file such plea, has thereby waived its right to rely on such matter. In *Moore* v. *Sargent* (1887), 112 Ind. 484, 14 N. E. 466, this court said: "Pleas in bar are addressed to the merits of the claim, and go to impair or defeat the action altogether; whereas pleas in abatement tend merely to defeat or suspend the suit for the time being." In

*Swing* v. *Toner* (1912), 178 Ind. 102, 96 N. E. 946, this court quoted with approval from 1 Chitty, Pleading (16th Am. ed.) *462, as follows: "matter which merely defeats the present *proceeding,* and does not show that the plaintiff is *forever* concluded, should in general be pleaded in abatement." The premature bringing of an action is proper ground for abatement, and if not so pleaded, must be deemed waived. 1 Ency. Law and Pr. 17, 19. It was held in *Edwards* v. *Cooper, supra,* that the statute was not a limitation on the lien holder's right of action. The most that can be said here is that the action was prematurely brought. It was competent for appellant to waive the giving of the statutory notice, and, in the absence of presenting the matter by plea in abatement, we hold that appellant cannot complain because there was no finding by the court and no evidence, relating to the notice provided for in §3626a, *supra.*

Appellant also claims that no cause of action is stated in the complaint because the contractor, to whom the bond was issued, is not a defendant, and the alleged transfer thereof to appellee, was not in writing; that §277 Burns 1908, §276 R. S. 1881, requires the assignor of a contract, under facts as here pleaded, to be made a party defendant. The question of such defect, if it existed cannot be presented by a demurrer for want of facts, and where, as here, the alleged defect appears on the face of the complaint, the question is waived by failure to demur for defect of parties. *Carskaddon* v. *Pine* (1900), 154 Ind. 410, 56 N. E. 844, and cases cited; *Green* v. *McCord* (1903), 30 Ind. App. 470, 66 N. E. 494, and cases cited. Other minor objections are urged against the complaint, but we hold the same sufficient to repel a demurrer for want of facts.

It is claimed there is no evidence to show that any benefits were assessed against the real estate described in the complaint, but a consideration of the second report of the city

commissioners, and the resolution fixing the final assessments, together with the other evidence, satisfies us that appellant is in error in such contention.

Section 6, of the Artman Act (Acts 1901 p. 534, §3623f Burns 1901) provides that the assessment against each parcel of land shall be collected in ten equal annual installments. When this action was commenced, appellant had paid no one of the first four installments and there was due thereon, in principal, interest and penalties, the sum of $413.45. The bond in suit was No. 4, in the series of bonds issued pursuant to said §6; it matured December 1, 1906, and, when suit was instituted there was due and unpaid thereon the sum of $323.75. Judgment for that amount was rendered, and for the further sum of $100 as attorney fees. It is insisted by appellant that installments of assessments Nos. 1, 2, and 3 are not applicable to the payment of bond No. 4, but on the other hand that they are applicable only to the payment of bonds Nos. 1, 2 and 3 respectively; that here there was no evidence that the first three bonds had been paid, and that consequently this judgment would not bar an action by the holder of one of the bonds Nos. 1, 2, or 3, from collecting from appellant the number of the assessment corresponding to such bond. The statute will not bear appellant's construction. It does not contemplate that each installment of assessment must be applied, when collected, to the payment of the corresponding bond; on the contrary it provides (§6, *supra*) that on June 1 of each year the city treasurer shall ascertain the amount of assessments collected, applicable to the payment of bonds, and determine the particular bond, beginning with the lowest number, that shall be paid from the fund collected. The same section authorizes the payment at any time, of the entire assessment, or any installment thereof, provided that interest be paid to the maturity of the next installment. The payment of any installment operates as a discharge of the lien thereof, by the express

terms of the act, and consequently appellant has no ground of apprehension regarding the nonpayment of bonds bearing a number lower than the one in suit.

It is claimed the judgment is excessive to the extent of $100 because the statute authorizing the recovery of attorney fees violates the 14th amendment to the Federal Constitution, in that it deprives appellant of its property without due process of law, "and denies to it, the equal protection of the law" and because it violates §§12 and 23 of our Bill of Rights. The statute is not open to any of such objections. *Shirk* v. *Hupp* (1906), 167 Ind. 509, 78 N. E. 242, 79 N. E. 490; *Pittsburgh, etc., R. Co.* v. *Fish* (1902), 158 Ind. 525, 63 N. E. 454; *Judy* v. *Thompson* (1901), 156 Ind. 533, 60 N. E. 270; *Macbeth Evans Glass Co.* v. *Amama* (1911), 176 Ind. 1, 95 N. E. 228. It is also contended that the amount allowed for attorney fees is excessive under the provisions of §8721 Burns 1908, *supra.* This contention should prevail if that section governed, but it has no application here. The Artman law allowed reasonable fees, and §3626a, *supra,* did not limit the amount recoverable except to prohibit a sum in excess of the amount of the debt.

Other objections are urged, but a consideration thereof induces the conclusion that no reversible error was committed. Judgment affirmed.

NOTE.—Reported in 103 N. E. 325. As to the validity of a statute providing for the recovery of attorney's fees in an action for the collection of a special assessment, see Ann. Cas. 1912 A 692.