STATE OF INDIANA EX REL. BOARD OF SANITARY COMMISSIONERS OF THE CITY OF TERRE HAUTE, INDIANA, ET AL. *v.* SUPERIOR COURT OF VIGO COUNTY, CHARLES V. MCCRORY, JUDGE.

[No. 30,975. Filed October 11, 1966.]

618

*Myrl O. Wilkinson*, and *Dix, Dix, Patrick, Ratcliffe & Adamson*, of Terre Haute, for relators.

*Charles K. McCrory, pro se.*

*Thomas H. Hicks* and *Mann, Mann, Chaney, Johnson & Hicks*, of Terre Haute, for respondents.

ARTERBURN, J.—The relators ask this Court to issue a writ of prohibition against the respondent court to restrain it from entertaining an action brought for an injunction against the relators to prevent them from perfecting a bond issue and offering the bonds for sale on April 12, 1966. The plaintiffs in the court below brought the injunction suit on April 11, 1966, to enjoin the sale.

The relators were unable to sell and deliver the bonds because of the cloud cast on the validity of the bond issue by the refusal of counsel for a bonding house to approve such issue by reason of such pending suit for an injunction. It is contended that the problem to be dealt with here is the "midnight injunction"; that the plaintiffs in the suit below had adequate administrative remedies, but instead chose to wait until the day before the bonds were offered for sale to bring the action to enjoin such sale. It is argued that this is a misuse of judicial process and we in this Court should prohibit such harassment. We, of course, cannot accept the disputed contention of the relators that the suit for injunction in the trial court is pure harassment and has no merit. If the relators have facts sufficient to support this contention, the remedy is still in the trial court by asking relief through equitable remedies to prevent harassment. There is legal authority for the granting of such remedies. *King* v. *City of Bloomington* (1959), 239 Ind. 548, 159 N. E. 2d 563; *Jones* v. *Town of Sunman* (1962), 243 Ind. 70, 181 N. E. 2d 777.

We are fully conscious of the relator's situation. Bond counsel will not approve the bond issue with the pending suit for injunction. Interest rates are changing from day to day. Any delay by reason of legal action creates a situation beyond the control of the relators in attempting to finance the proposed project. In this case the plaintiffs in the injunction suit did not ask for a restraining order or temporary injunction which would hold up the sale of the bonds the next day. They merely asked for an injunction upon final

judgment and trial. It was therefore possible for the bonds to be sold without any interference by any court order except for the fact that counsel for the bonding house would not approve the issue with the suit for an injunction pending. Burns' Ind. Stat. Anno. § 48-4217 (1946 Repl.) provides as follows:

". . . No suit to question the validity of said bonds so issued by said sanitary district or to prevent their issue shall be instituted after the date set for the sale of said bonds and all said bonds from and after said date shall be incontestible for any cause whatsoever."

It seems to us that had the bonds been sold, the issue under the pending injunction suit would have been moot—a *fait accompli*. The filing of another cause of action after the date of sale of the bonds, or even the amending of the complaint and thereby creating another cause of action, such as one for a declaratory judgment as to the validity of the bond issue, in our opinion, would come within the meaning of the statute.

Not all the answers to difficult problems or situations may be found in the courts of law. The legislative branch of the government has its responsibility to solve these predicaments in the first place. It may be some legislation is needed to protect bond purchasers of governmental units under conditions such as the relators claim exist here. It may be that some period of time—thirty days or more prior to the sale date of the bonds—should be fixed, barring any lawsuits thereon. Such limitations, however, are not the subject-matter for consideration by a court of law, but arise after hearings and investigations before legislative committees. On the pretext offered here, this Court cannot arbitrarily bar the filing of lawsuits or the continuation of the same because the party being sued thinks the lawsuit is unfair, a hardship, or without merit. Those are issues that

have to be tried in the trial court, including the issue of harassment. We cannot arbitrarily—by issuing a writ of prohibition—take from a party or a taxpayer the long-established right to question the action of public officials in borrowing funds and spending such public funds.

We take up now the legal issue before us: Whether or not we may step into a lawsuit pending in a trial court and issue a writ of prohibition to prevent the court from considering such lawsuit on its merits. The law permits persons claiming to be aggrieved to come into the trial court and ask for injunction or other equitable remedies against administrative action *where no statutory or administrative procedure provides* for a final judicial review or appeal. We have announced such principle a number of times. This covers also a situation in which a purported statute sets up an administrative procedure and also administrative remedies on appeal, yet the aggrieved parties contend that the statute itself is unconstitutional.

> "We have held that where the legislature has failed to provide for a statutory remedy of appeal sufficiently broad, the courts nevertheless will grant such a judicial review, since each litigant is entitled to an appeal." *Mann* v. *City of Terre Haute, et al.* (1960), 240 Ind. 245, 249, 163 N. E. 2d 577, 579; *Public Service Comm. et al.* v. *City of Indianapolis* (1955), 235 Ind. 70, 131 N. E. 2d 308.

On the other hand, we also agree with relators' contention that if there is an adequate administrative remedy and procedure for a review of appeal fixed by them, an aggrieved party may not ask the court to interfere by injunction, but must first follow the statutory procedure for review and exhaust such administrative remedies provided thereby.

In this case it is contended that the plaintiffs below, asking for the injunction, had their remedies for review fixed by the statute creating the administrative board, which also fixes its functions; therefore such plaintiffs had no right to maintain an equitable action for injunctive relief restrain-

ing the action of the administrative board, namely, the Board of Sanitary Commissioners.

We may assume for the purposes of this decision that a full and adequate administrative remedy and judicial review was provided by statute to plaintiffs below had they seen fit to pursue such course, yet it does not follow from such assumption that relators are entitled to a writ of prohibition to halt the action in the respondent trial court.

Writs of prohibition are extraordinary remedies used primarily to confine a lower court to its jurisdiction. The respondent court is a court of general (as distinguished from limited) jurisdiction. Burns' Ind. Stat. Anno. § 4-2210 (1946 Repl.)

Jurisdiction is the right and authority to hear and determine a cause of action, in this case, the equitable remedy of injunction.

We may therefore consider in this petition for a writ of prohibition only the jurisdiction of the trial court.

Undoubtedly the respondent trial court has jurisdiction of the parties to the action and also of the subject matter of the suit filed. The fact that the trial court may decide an issue erroneously does not deprive it of jurisdiction. The remedy in case of such error, of course, is that of appeal—not the use of a writ of prohibition. *State, etc.* v. *Marion Cir. Ct. etc.* (1959) 239 Ind. 327, 157 N. E. 2d 481; *State ex rel. City of Indianapolis* v. *Dowling, J.* (1966), 247 Ind. 390, 216 N. E. 2d 351.

". . . A court does not lose jurisdiction to consider a defective or bad complaint. The duty resides with the trial court in exercising its jurisdiction to rule upon the sufficiency of a complaint. It has the latitude to err, which action may properly be reviewed by us on appeal." *State ex rel. Saylor Development Co.* v. *Circuit Court* (1960), 240 Ind. 648, 651-652, 167 N. E. 2d 470, 472.

We have also said that a writ of prohibition or mandate against a trial court may not be used to test a complaint in

a trial court nor used as a short-cut for an appeal to this Court. *State ex rel. Nineteenth Hole, Inc.* v. *Marion S. Ct.* (1963), 243 Ind. 604, 189 N. E. 2d 421.

On the general proposition we have said:

" '. . . It thus appears that the court had general jurisdiction of the subject-matter of the action and had power to grant injunctions in proper cases. It is not denied that the court had obtained jurisdiction of the parties to the proceeding. It has been uniformly held that a court, which has jurisdiction of the subject-matter of an action and which has obtained jurisdiction of the parties, has power to hear and determine such action." *State ex rel.* v. *Gleason* (1918), 187 Ind. 297, 299, 119 N. E. 9, 10.

Relators rely heavily upon *Sexton* v. *Dunlap* (1966), 247 Ind. 343, 213 N. E. 2d 807 and *Pub. Ser. Comm. et al.* v. *City of Indianapolis* (1956), 235 Ind. 70, 131 N. E. 2d 308 (and like cases) for the generally acknowledged proposition of law that an injunction is not proper to review administrative action where the statute provides for an administrative procedure for review. The principles enunciated in those cases are correct. Those were cases, however, in which an *appeal* was taken from a judgment rendered in an action asking for an injunction, the court holding to the effect that an injunction where the administrative remedy and review was adequate could not be granted by the trial court against the administrative procedure. Those cases are no authority, however, to support the relators in this case in asking for a writ of prohibition against the trial court's consideration of matters over which it has general jurisdiction, and this proposition still holds true, even though the relators may be apprehensive that the trial court will err and thus create a situation in which they must appeal for final relief.

We have thus far accepted the assumption of the relators that a full and adequate remedy is offered the respondents through statutory proceedings to question the bond issue here involved. We do not mean thereby for the trial court to assume that the complaint filed herein

is insufficient. Those are matters, as we have previously stated, for the trial court to determine on the merits. The respondents point out that there are allegations of fraud on the part of the Board of Sanitary Commissioners; that under the guise of a declaratory resolution to construct sewage plants and sewers, the board, nevertheless, is taking land for the purposes of building a lake, dam, and a recreational area which it is claimed is beyond its jurisdiction; that notices of the proceedings were not adequate and particularly in that such notices did not reveal the full project involved. These are matters which lie within the jurisdiction of the trial court to determine, and we may not issue a writ of prohibition against such consideration by the respondent court.

For the reasons stated, the petition for a writ of prohibition is denied.

Rakestraw, C. J. and Myers, J., concur. Jackson, J., concurs in result. Achor, J., not participating.

NOTE.—Reported in 220 N. E. 2d 336.