STATE OF INDIANA EX REL. HABERKORN, ET AL. *v.*
DEKALB CIRCUIT COURT, JUDGE RAY ADE.

[No. 668S91 and 768S111. Filed October 22, 1968. Rehearing denied December 30, 1968.]

*Nelson G. Grills,* of Indianapolis, for relators.

*H. Charles Winans,* of Garrett, for respondent.

*Bose, Buchanan, McKinney & Evans,* Indianapolis, for amici curiae.

PER CURIAM.—Respondent is the regular judge in a suit entitled Theodore E. Haberkorn, Jr., Jack Hollabaugh, and Victor Timmerman v. Delbert Washler et al, as the Board of School Trustees of the DeKalb County Eastern Community School District. The action was commenced when the relators, plaintiffs below, filed a complaint for an injunction against the defendant school board seeking to restrain the said school board from the construction of a new junior and senior high school in the school district at a site which was not satisfactory to the plaintiffs. The suit technically seeks to enjoin the School Board from proceeding with carrying out the terms of a lease agreement executed between the school

board and a building corporation which was created for the purpose of selling bonds to finance construction of the school. Judge Ray Ade, respondent and defendant below, became the special judge by appointment of this Supreme Court.

The main issue before this court in this appeal is whether or not the relators, on the basis of the pleadings and the evidence of the hearing, can establish facts which would entitle them to a temporary injunction. There is submitted with the writ of prohibition the record of the hearing in the lower court which has been numbered and indexed. The relators have urged that a state of fact exists which makes the transaction a proper subject for investigation in the court of equity indicating the limitations of the availability of the ground for the school use at the site; the failure to comply with the rules of the General Commission on Education and the failure to obtain the approval of the State Board of Accounts.

The trial court below found that the suit filed by the plaintiff was a "Public Lawsuit" within the meaning of Chapter 357 of the Acts of 1967; that the defendant School Board had taken the proper steps for the approval of a site to construct the proposed school, which site had been approved by various agencies and boards of the State of Indiana, including the State Department of Public Instruction of the State of Indiana; that the relators, plaintiffs below, did not and can not establish facts which would entitle them to a temporary injunction; that the relators herein, plaintiffs below, should be required to post a bond in the amount of $160,000 to cover the damages and costs which may accrue to the defendants by reason of the lawsuit.

Relators have filed an amended petition for a writ of prohibition which repeats the allegation in their original petition which, among other things, alleged that the order to post a bond is contrary to the evidence in that any delay was not the fault of the plaintiffs below, but was the fault of the defendant below failing to answer the complaint.

In its amended petition, it is further alleged that the order of the court below to post a bond is unconstitutional under the terms of the Federal Constitution and the Constitution of the State of Indiana for two reasons:

(a) The requirement of Section 5 of Chapter 357 requiring the posting of a bond to cover all damages and costs which may accrue to the defendants by reason of the pendency of the public lawsuit in the event the defendant prevails is an unreasonable limitation upon the plaintiffs denying them justice freely under Article 1, Section 12 of the Indiana Constitution, and due process of law under the 14th Amendment to the United States Constitution.

(b) The provisions for appeal of the order to post bond of Section 5 of Chapter 357 of the Acts of 1967 denies the plaintiffs due process of law under Section 12 of Article 1 of the Indiana Constitution and the 14th Amendment to the United States Constitution.

The provisions of Section 5 of the "Public Lawsuit Act" Acts of 1967, ch. 357, sec. 5 as found in Burns § 3-3305, *et seq.*, reads as follows:

"At any time prior to the final hearing in a public lawsuit, the defendant may petition for an order of the court that the cause be dismissed unless the plaintiff shall post a bond with surety to be approved by the Court payable to defendant for the payment of all damages and costs which may accrue by reason of the filing of the lawsuit in the event the defendant prevails. A hearing shall be had on such petition in the same manner as the hearing on temporary injunctions under Acts 1881 (Spec. Sess.) c. 38. If at the hearing the court determines that the plaintiff can not establish facts which would entitle him to a temporary injunction, the court shall set the amount of bond to be filed by the plaintiff in an amount found by the judge to cover all damage and costs which may accrue to the defendants by reason of the pendency of the public lawsuit in the event the defendant prevails. In the event such a bond is not filed by the plaintiff with sureties approved by the court within ten (10) days after such order is entered the suit shall be dismissed. Either plaintiff or defendant may appeal such order to the Indiana Supreme Court within such ten (10) day period by notice of appeal and a statement of error in the same manner as is provided in a petition for mandate or prohibition. The Supreme Court may stay the lower

court order pending its own decision, may set a bond to be filed by the plaintiff in connection therewith, may modify the order of the lower court, or may enter its order as a final order in a case. In the event no bond is filed as provided in this section the public lawsuit shall be dismissed and no court shall have further jurisdiction of the public lawsuit or any other public lawsuit involving any issue which was or could have been raised therein."

[Chapter 357, Acts 1967, Burns § 3-3301, *et seq.*, was adopted as a protection to the public against a flood of harrassing litigation which was obstructing and delaying public improvements at prohibitive costs.] Since World War II the scope and responsibility of our municipal governments have drastically expanded with greater population, movement of people from farms to the city, and increased educational demands. This has required building of substantial facilities, such as sewers, water lines and parks, the creation of new municipal bodies such as redevelopment commissions, metropolitan area bodies and substantial boundary revisions as in the case of schools. With the changes have come additional legislation as, for example, the new Sewer Revenue Act, the Conservatory District Act, the Public Housing Acts, the School Building Corporation Acts, the School Reorganization and Consolidation Acts.

The courts have properly permitted any citizen or taxpayer to file some suit to keep a public official within his statutory duties. See *State of Indiana on the Relation of the Board of Sanitary Commissioners of the City of Terre Haute* v. *Superior Court of Vigo County* (1966), 247 Ind. 617, 9 Ind. Dec. 233, 220 N. E. 2d 336. In this case this court held that the law permits persons claiming to be aggrieved to come into the trial court and ask for injunction or other equitable remedies against administrative action where no statutory or administrative procedure provides for a final judicial review or appeal. The court likewise stated that this court cannot arbitrarily bar the filing of lawsuits or the continuation of the same because the party being sued thinks the

lawsuit is unfair, a hardship, or without merit. Those are issues that have to be tried in the trial court, including the issue of harrassment. The court cannot arbitrarily take from a taxpayer the long established right to question the action of public officials in borrowing funds and spending such public funds.

There has been no effective legislation which could give the majority of the citizens a correlative remedy, so that necessary public projects, where legally proper, may be carried out as planned with protection against harrassing lawsuits.

It is true under the state law prior to adoption of Chapter 357, a determined plaintiff could keep a suit in being from two to six years; and in many cases the mere filing of the action delayed beyond saving the intricate planning of the project regardless of the merits of the action.

If litigation is filed and a legal opinion cannot be given, bonds will remain unsold or undelivered. If this persists for any project for more than six months to a year, construction contractors in inflationary times cannot stand by their bids, and the project as planned and the litigation opposing it become moot. In the meantime taxpayers, in those cases where the endeavor is legally correct, have suffered substantially by increased construction costs.

The relators have raised only the constitutional question as to Sec. 5 of Chapter 357, *supra*, set forth hereinbefore with which this opinion deals, and which provides for three things: first, that the plaintiff may be required to post a bond covering defendant's damages in the event, after hearing in the same manner as a hearing on the temporary injunction, plaintiff cannot show any grounds on which he can obtain a temporary injunction. The existence of most public lawsuits operates as a temporary injunction. This provision is applicable, however, only when the plaintiff is unable to establish the prima facie case necessary for the granting of a temporary injunction. This is designed to pro-

tect the public from the financial damage of completely non-meritorious litigation.

Next, an appeal from the setting of this bond must be taken within ten days. Supreme Court Rule 2-2 permits a statute to fix a shorter time than ninety days for the taking of an appeal on review.

Lastly, Sec. 5, Chap. 357 provides that the appeal shall be heard in the same manner as on mandate or prohibition. This, it should be noted, is not consistent with the time for filing briefs on appeals from interlocutory orders provided under Supreme Court Rule 2-15.

We shall consider relators' first objection that the requirement of the posting of a bond after an interlocutory hearing constitutes "a practical denial of justice," and is a violation of the due process clause. This argument will not stand a careful analysis and, as will be demonstrated, has not been followed in either this Court, the United States Supreme Court or other state courts dealing with much harsher statutes.

In 1956, Mr. Justice Black reiterated the principle in *Griffin* v. *Illinois*, 351 U. S. 12, p. 18 that

"a State is not required by the Federal Constitution to provide appellate courts or a right to appellate review."

There is no issue of due process in this case since an appeal may be granted on such terms and conditions and with such restriction as the state sees fit.

As we had previously pointed out, by the mere filing of the suit the plaintiff obtains an extra-judicial remedy to postpone indefinitely a municipal borrowing or the formation of a district which is a prerequisite to such borrowing regardless of the merits of the action without any hearing and without any bond since it stops bonding attorneys approval. Factually, there is obtained a temporary injunctive relief which would require the posting of a bond. See *Board of Trustees of Public Employees Retirement Fund* v. *King* (1968), 250 Ind. 389, 14

Ind. Dec. 267, 236 N. E. 2d 600; *Indianapolis Dairymen's Co-op., Inc.* v. *Bottema* (1948), 226 Ind. 237, 79 N. E. 2d 399.

*State ex rel. Nineteenth Hole, Inc.* v. *Marion Superior Court* (1963) 243 Ind. 604, 189 N. E. 2d 421. In regard to the radical remedy of receivership the case of *State ex rel. Nineteenth Hole, Inc., supra,* is significant. There, Judge Arterburn in the majority opinion held that the statute provides that an appeal must be taken by the aggrieved party within ten days after the appointment of a receiver. See Burns § 3-2603. The court further held that this ten day period runs from the time the aggrieved party has notice of the appointment; *Fagan, etc., et al* v. *Clark et al* (1958), 238 Ind. 22, 148 N. E. 2d 407; *McConnell* v. *Fulmer* (1952), 230 Ind. 576, 103 N. E. 2d 803. There the court further pointed out that equity grants the trial court the authority to require a bond as a condition to an appointment of a receiver without notice.

Section 5, Chapter 357, *supra,* gives the plaintiff much more latitude than he would have in a temporary injunction since it only requires the bond where he fails to make a case for a temporary injunction. To obtain a temporary injunction, the plaintiff need only present a prima facie situation for holding the case in status quo and not even a clear case that he would win on the merits. *Indiana Annual Conference Corp. et al* v. *Lemon, etc.* (1955), 235 Ind. 163, 131 N. E. 2d 780; *Tuf-Tread Corporation* v. *Kilborn* (1930), 202 Ind. 154, 172 N. E. 353.

The filing of bonds and such related measures as a requirement that the losing party pay attorney fees, have been constitutionally approved where they are reasonably necessary to the administration of justice even though they are burdensome to a particular litigant.

This court has held that in a writ of attachment the defendant may give bond and hold possession, or if he does not, plaintiff may post bond and take immediate possession of the property; *Steve* v. *Colosimo* (1937), 211 Ind. 673, 7 N. E. 2d 983.

A bond in an attachment suit may be extremely burdensome, often impossible for the defendant to obtain, and may damage his business or personal interest far beyond the value of the property. The bond required in a replevin action under Burns § 3-2705 is comparable. If defendant is unable to produce a bond, plaintiff's bond may afford defendant relief upon his success in some distant future but can not be substituted for working capital or needed equipment when posted. But the bond-posting machinery does not deny him due process and is necessary in the administration of justice. Other situations where bonds are required in Indiana are legion:

Ejectment, Burns' § 3-1306;
Appeal from Appointment of Receivers, Burns' § 3-2603;
Stay of Execution Pending Appeal, Burns' § 2-3204;
Stay of Execution in Non-Appeal Cases, Burns' § 2-3401;
Suit on a Lost Instrument, Burns' § 19-3-804;
Retained Property Against Tax Levy, Burns' § 64-2134;
Withdrawal of Proceeds in Eminent Domain Action, Burns' § 3-1705.

A comparably burdensome situation is set up under Rules 36A and 37C of the Federal Rules of Civil Procedure where a party is requested to admit certain facts and upon his refusal must pay the costs of their proof by the opposing party.

Equally burdensome to a defendant are statutes which award attorney fees if he loses—a substantial risk. This occurs, for example, in mechanic lien cases, Burns' § 43-707, but this risk has been specifically approved in *Pittsburgh etc. Railway Company* v. *Schmuck* (1914), 181 Ind. 323, 103 N. E. 325.

The State of Minnesota has passed a harsher statute than § 5 of Chapter 357, *supra*, requiring a bond be placed in *all* public lawsuits. In the case of *Gram* v. *The Village of Shoreview* (1960), 259 Minn. 145, 106 N. W. 2d 553, the high court of the state upheld such a statute as constitutional.

Likewise, in the case of *Cohen* v. *Beneficial Industrial Loan Corp.* (1949), 337 U. S. 541, 69 Sup. Ct. 1221, 93 L. Ed. 1528,

the Supreme Court upheld a New Jersey statute providing that in any derivative stockholder suit, plaintiff having less than 5% of the stock, unless his stock had a value of more than $50,000, must give security for reasonable expenses including attorneys fees in defending the action. The court noted that in any such suit the stockholder, similar to the taxpayer in a public lawsuit, is acting for a large number of people whose rights will be affected and that he has a fiduciary obligation which may be regulated by legislation. See also *Murdock* v. *Follansbee Steel Corp.* (CA 3, 1954), 213 F. 2d 570; *Shielcrawt* v. *Moffett* (1945), 294 N. Y. 180, 61 N. E. 2d 435.

As to that part of § 5, Chapter 357, *supra,* which requires days, this foreshortented time raises serious doubt ■ whether this is sufficient time to provide a reasonable time for appeal.

Furthermore, that part of § 5, Chapter 357, *supra,* which provides that the method of appeal is "by notice of appeal and statement of error in the same manner as pro- ■ vided in petition for mandate or prohibition" may well deny a reasonable time.

In the interest of giving reasonable time these parts of § 5, Chapter 357, *supra,* should be abrogated by this court. In the Supreme Court Rules 2-2 (Time for Appeal or Review), ■ ■ (Manner of Taking Appeals), and 2-15 (Time for Filing Briefs), this court has provided rules for appeals from interlocutory orders. Under the rule for interlocutory appeals the time for filing a transcript is thirty days, ten days are allowed for appellant's brief and appellee's answer brief, and five days for a reply brief. The transcript may contain the evidence. This does provide a reasonable time.

Henceforth, this should be the manner of appeal from all "public lawsuits" as characterized by the provisions of Chapter 357 of the Acts of 1967.

It is to be noted that Chapter 357 meets all the tests of severability laid down by this court heretofore. The aspects of § 5, Chapter 357, *supra,* which this court finds improper do not affect the remainder of the statute which presents a comprehensible and workable statute. The Legislature may well have passed the statute had it been presented without the invalid features. *State* v. *Kuebel* (1961), 241 Ind. 268, 172 N. E. 2d 45; *Book* v. *State Office Building Commission* (1958), 238 Ind. 120, 149 N. E. 2d 273; *Ettinger* v. *Studevant; Hole* v. *Dice* (1942), 219 Ind. 406, 38 N. E. 2d 1000.

In the recent case of *McCormick* v. *Vigo County High School Building Corp.* (1967), 248 Ind. 263, 10 Ind. Dec. 477, 226 N. E. 2d 328, Judge Arterburn found Chapter 357 of the Acts of 1967 to be severable by pointing out on page 332 that "Chapter 3 of the Acts of 1967 has a severability clause." In substance, Chapter 357 is a reasonable attempt to give citizens and taxpayers a fair hearing in questioning the actions of their elected and appointed officials without completely frustrating the processes of municipal government. It is likewise a constructive statute in clearing the glut and obstruction of public lawsuits and should make for a sound body of municipal law developing certainty and diminishing the filing of suits of no merit, to the advantage of all citizens and taxpayers.

It is to be emphasized in this case that an extension of time and full opportunity to raise constitutional questions has been given to the relator. Relator, therefore, cannot complain of any deprivation of constitutional rights in this regard. Relator is not in position to urge the alleged inadequacy of time for the hearing in the case on appeal; *Callahan* v. *State* (1966), 247 Ind. 350, 214 N. E. 2d 648.

In the case on appeal the relators have been given ample time to file a transcript, to amend their petition, to raise constitutional questions and are, therefore, not adversely affected. One cannot claim error for an abstract viola-

tion of a constitutional right where he shows no injury. This court has frequently held that one must show injury before he can insist upon asserting a constitutional right. See *Callahan* v. *State, supra.*

In reviewing the transcript of the evidence the relators had introduced no evidence to overcome the evidence submitted by the defendants below. As this court has said many times, *Voight* v. *Mergenthaler Linotype Co.* (1938), 213 Ind. 325, 12 N. E. 2d 498, the party pleading a fact generally has the burden of proving it. As stated in *Tuf-Tread Corporation* v. *Kilborn, supra,* "the granting of a temporary injunction to maintain the status quo until the final hearing rests in the sound discretion of the trial court, and this discretion will not be interferred with on appeal unless it is made to appear that the court's action was arbitrary, or constituted a clear abuse of the discretion vested in it."

The transcript of the evidence fails to show an abuse of discretion on the part of the trial court.

The appellants have filed a petition to amend their assignment of errors and the title of the action, so that the title should read "Theodore E. Haberkorn, Jr., Jack Hollabaugh, and Victor Timmerman" in place of the "State of Indiana on the Relation of Theodore E. Haberkorn, Jr., Jack Hollabaugh, and Victor Timmerman." Appellees, in opposition to said petition, filed a response to amending this said assignment of errors. It is the opinion of this court that the appellants be permitted to correct the misnaming of the appellants in the title of appellants' assignment of errors, but that the appellants are not permitted to amend the assignment of errors originally filed in this appeal.

The ruling of the trial court, therefore, is sustained, and its judgment affirmed.

NOTE.—Reported in 241 N. E. 2d 62.