ZARKO SEKEREZ *v.* BOARD OF SANITARY COMMISSIONERS OF THE
SANITARY DISTRICT OF THE CITY OF GARY; DEDELOW, INC.;
GARIUP CONSTRUCTION COMPANY; VIC KIRSCH CONSTRUCTION
COMPANY; BRANT CONSTRUCTION COMPANY; AND
BONGI CARTAGE, INC.

[No. 3-573A63. Filed October 25, 1973.]

*Zarko Sekerez,* Pro Se, for appellant.

*Jackie L. Shropshire,* of Gary, for appellee Board of Sanitary Commissioners; *Kenneth D. Reed,* of Hammond, for appellee Dedelow, Inc.; *Charles E. Daugherty,* of Merrillville, for appellee Gariup Construction Co.; *F. Laurence Anderson,* of Gary, for appellee Bongi Cartage, Inc.; *William J. O'Connor,* of Hammond, for appellee Vic Kirsch Construction Co.; *Richard W. Johnson,* of Hammond, for appellee Brant Construction Co.

PER CURIAM—Appellant as plaintiff below filed separate complaints in the Lake Superior Court, Room 4, one seeking injunctive relief against performance of contracts awarded by the Board of Sanitary Commissioners for construction of a sewer project, and the other seeking a declaratory judgment against the Board of Sanitary Commissioners to determine that certain resolutions of the Board were void and requesting that any contracts let by the Board for construction of the sewer project be declared invalid.

The Defendant Board petitioned the trial court pursuant to the Public Lawsuit Statute, IC 1971, 34-4-17-5, Ind. Ann. Stat. § 3-3305 (Burns 1972 Supp.) for an order that the consolidated causes be dismissed unless plaintiff post bond payable to defendant for all damages and costs which might accrue by reason of the filing of the lawsuits in the event the defendant prevailed. Following hearing, the trial court on May 29, 1973 entered the following order from which this appeal is taken:

"The plaintiff, in each and both of the captioned causes, is hereby ordered to post a bond in the amount of $5,000,000.00 with a surety to be approved by the court, payable to the defendant Board of Sanitary Commissioners of the Sanitary District of the City of Gary, Indiana, for the payment of all damages and costs which may accrue to said defendant by reason of the pendency of the captioned actions, or either of them, in the event said defendant prevails, said bond to be posted within ten (10) days from the date of this order. In the event such bond is not filed by the plaintiff, with surety approved by the court, within ten (10) days after

the date of this order, and its entry, the suits, and each of them, shall be dismissed."

On June 11 1973 the court entered final judgment dismissing the consolidated causes for failure of plaintiff to post the required bond within the ten days allotted. It must be noted that Sekerez does not appeal from that judgment of dismissal but appeals solely from the May 29 interlocutory order.

The statutory provision herein concerned § 3-3305, reads in its entirety as follows:

"At any time prior to the final hearing in a public lawsuit, the defendant may petition for an order of the court that the cause be dismissed unless the plaintiff shall post a bond with surety to be approved by the court payable to defendant for the payment of all damages and costs which may accrue by reason of the filing of the lawsuit in the event the defendant prevails. A hearing shall be had on such petition in the same manner as the hearing on temporary injunctions under IC 1971, 34-1 (formerly Acts 1881 (Spec. Sess.), ch. 38). If at the hearing the court determines that the plaintiff can not establish facts which would entitle him to a temporary injunction, the court shall set the amount of bond to be filed by the plaintiff in an amount found by the judge to cover all damage and costs which may accrue to the defendants by reason of the pendency of the public lawsuit in the event the defendant prevails. In the event such bond is not filed by the plaintiff with sureties approved by the court within ten [10] days after such order is entered the suit shall be dismissed. Either plaintiff or defendant may appeal such order to the Indiana Supreme Court within such ten [10] day period by notice of appeal and a statement of error in the same manner as is provided in a petition for mandate or prohibition. The Supreme Court may stay the lower court order pending its own decision, may set a bond to be filed by the plaintiff in connection therewith, may modify the order of the lower court, or may enter its order as a final order in a case. In the event no bond is filed as provided in this section, the public lawsuit shall be dismissed and no court shall have further jurisdiction of the public lawsuit or any other public lawsuit involving any issue which was or could have been raised therein. Provided, That nothing in this section is intended to create nor shall it be construed as creating, any additional cause of action on the part of any municipal corporation, person, partner-

ship, or corporation, unless the defendant is required to and does post bond. [Acts 1967, ch. 357, § 5, p. 1337; 1971, P. L. 448, § 1, p. 2079.]"

At the outset one first notes that the specific language of provision for appeal from a § 3-3305 interlocutory order vests jurisdiction of such appeal in the Indiana Supreme Court upon "notice of appeal and a statement of error in the same manner as is provided in a petition for mandate or prohibition." Since under Rule AP. 4(A)(5) issuance of writs of mandate and prohibition are the exclusive prerogative of the Indiana Supreme Court, the matter of determining the jurisdictional situs of § 3-3305 appeals might appear extremely simple were it not for *State ex rel. Haberkorn* v. *DeKalb Circuit Court* (1968), 251 Ind. 283, 241 N.E. 2d 62.

We duly note, however, that in the *Haberkorn* decision, our Supreme Court abrogated the above quoted portion of § 3-3305 insofar as it purported to deny a reasonable time for perfection and presentation of an appeal. The court held:

"Furthermore, that part of § 5, Chapter 357, *supra,* which provides that the method of appeal is 'by notice of appeal and statement of error in the same manner as provided in petition for mandate or prohibition' may well deny a reasonable time.
In the interest of giving reasonable time these parts of § 5, Chapter 357, *supra,* should be abrogated by this court. In the Supreme Court Rules 2-2 (Time for Appeal or Review), 2-3 (Manner of Taking Appeals), and 2-15 (Time for Filing Briefs), this court has provided rules for appeals from interlocutory orders. Under the rule for interlocutory appeals the time for filing a transcript is thirty days, ten days are allowed for appellant's brief and appellee's answer brief, and five days for a reply brief. The transcript may contain the evidence. This does provide a reasonable time.
Henceforth, this should be the manner of appeal from all 'public lawsuits' as characterized by the provisions of Chapter 357 of the Acts of 1967."[1]

1. Present Rules AP. 3(B) and 8.1(B) replace former Rules AP. 2-2 and 2-15 as the latter were implemented by *Haberkorn* for Public Lawsuit interlocutory appeals.

Of course, if the directive of the Indiana General Assembly remains viable except as to the time periods imposed upon the various stages of appellate review, one might logically conclude that all appeals from § 3-3305 interlocutory orders must go directly to the Supreme Court not only because the Legislature has so prescribed but because, except as to the times permitted for various filings, such appeals are to be taken in the manner of writs of mandate or prohibition.

The *Haberkorn* decision dealt only with the reasonableness of the time for an appeal under § 3-3305, and did not hold that such appeals were, for *all* purposes, to be filed, prosecuted, defended and decided as are other permissible "interlocutory appeals" rather than as writs for mandate or prohibition. Nevertheless, its encroachment upon the otherwise obvious import of the language of the statute renders exclusive reliance upon such language somewhat unappealing if not foolhardy.

For a definitive decision with respect to jurisdiction over § 3-3305 appeals, then, we must examine that section in the light of the Public Lawsuit statute itself and in the light of such Rules and statutes as may now control the filing of interlocutory appeals.

The obvious point of commencement in this examination is Rule AP. 4(B), which except for Rule AP. 4(C) dealing with review of decisions from administrative agencies and boards, constitutes the sole source of appellate jurisdiction for the Indiana Court of Appeals. The appellate jurisdiction of this court with respect to interlocutory orders is rigidly constrained by that Rule as follows:

> "(B) In all other cases [of final judgments], appeals shall be taken to the Court of Appeals, notwithstanding any law, statute or rule providing for direct appeal to the Supreme Court of Indiana. Also, appeal from interlocutory orders shall be taken to the Court of Appeals in the following cases:

(1)  For the payment of money or to compel the execution of any instrument of writing, or the delivery or assignment of any securities, evidence of debt, documents or things in action;

(2)  For the delivery of the possession of real property or the sale thereof;

(3)  Granting, or refusing to grant, or dissolving or overruling motions to dissolve preliminary injunctions; or the appointment of receivers;

(4)  Orders and judgments upon writs of habeas corpus not otherwise authorized to be taken directly to the Supreme Court.

"Any law, statute or rule or part thereof in conflict with the provisions set forth hereinabove are superseded by these rules, and the portions in conflict with these rules are hereby held vacated, set aside and held for naught." (Bracketed clarification supplied)

Since specific provision was made for appeals to the Court of Appeals in only certain categories of interlocutory orders, we cannot construe the first sentence of Rule AP. 4(B) to embrace other possible appeals from interlocutory orders within the jurisdiction over "all other cases."

The pertinent provision of Rule AP. 4(B) lies in subparagraph (3) thereof which vests jurisdiction over appeals from orders granting or refusing or dissolving or refusing to dissolve preliminary injunctions in the Court of Appeals. It is the uncontrovertible fact, however, that the interlocutory order here involved is not the grant, denial, dissolution or refusal to dissolve a preliminary injunction. To be sure, the evidentiary considerations and determinations before a trial court pursuant to a § 3-3305 hearing are closely related to those involved in a petition for a temporary injunction. But as noted in *Johnson* v. *Tipton Community School Corp.* (1970), 253 Ind. 460, 255 N.E.2d 92, 94:

"If appellants had been seeking a temporary injunction they would have been required to present evidence to the trial court which would show that: (1) the question to be tried was a substantial one, proper for investigation by a

court of equity. It is not necessary that such a case should be made out as would entitle appellants to relief on the final hearing; (2) the status quo should be maintained until the final hearing or appellants will certainly be injured irreparably before a trial on the merits can be had; (3) there is no adequate remedy at law; and, (4) any damages to the appellants may be adequately indemnified by the bond posted by the plaintiff. *Haberkorn, State ex rel.* v. *DeKalb Circuit Court* (1968), [251] Ind. [283], 241 N.E.2d 62; *McKain* v. *Rigsby* (1968), [250] Ind. [438], 237 N.E.2d 99; *Indiana Annual Conference Corp.* v. *Lemon* (1955), 235 Ind. 163, 131 N.E.2d 780; *Koss* v. *Continental Oil Co.* (1943), 222 Ind. 224, 52 N.E.2d 614; *Tuf-Tread Corp.* v. *Kilborn* (1930), 202 Ind. 154, 172 N.E. 353.

In a hearing under § 3-3305, where the plaintiff is not actually seeking a temporary injunction, some of these requirements do not make sense and are not applicable. In fact, the only applicable requirement is the first one. The purpose of this statutory scheme is to protect the public against a 'flood of harassing litigation' which obstructs and delays public improvement at prohibitive costs and from the 'financial damage of completely non-meritorious litigation'. *State ex rel. Haberkorn* v. *DeKalb Circuit Court, supra.* The requirement that the plaintiff must introduce evidence sufficient to show the trial court that there is a substantial question to be tried accomplishes those purposes adequately by eliminating merely harassing suits or completely non-meritorious litigation."

*See also Gariup* v. *Stern* (1970), 254 Ind. 563, 261 N.E.2d 578.

Furthermore, and most compelling however as hereinbefore noted, is the fact that the bond order in question and as countenanced by § 3-3305 is simply not an order which denies, grants, dissolves or refuses to dissolve a preliminary or temporary injunction. It is not, therefore, an order appealable to the Court of Appeals pursuant to Rule AP. 4(B).

Although in *Teperich* v. *North Judson-San Pierre High School Bldg. Corp.* (1971), 257 Ind. 516, 275 N.E.2d 814, it was held that the current Indiana Rules of Procedure have not abolished the statutory procedure governing Public Lawsuits as set forth in § 3-3305,

it may well be that the present posture of procedural law has abrogated the right of appeal from the interlocutory order provided by § 3-3305. In the light of *Richards* v. *Crown Point Community School Corp.* (1971) 256 Ind. 347, 269 N.E.2d 5, we do not believe such to be the case however. In the *Richards* case, IC 1971, 34-5-1-1, being Rule 72(b) as adopted by the Indiana General Assembly, was held to be effective notwithstanding the failure of such Rule to be incorporated in the Indiana Rules of Procedure as adopted by the Supreme Court. Such Rule 72(b) provides:

"(b) Appeals from interlocutory orders. An appeal to the Supreme Court may be taken from an interlocutory order of any trial court or judge thereof in the following cases:

(1) For the payment of money or to compel the execution of any instrument of writing, or the delivery or assignment of any securities, evidences of debt, documents or things in action;

(2) For the delivery of the possession of real property or the sale thereof;

(3) Granting, or refusing to grant, or dissolving or overruling motions to dissolve preliminary injunctions;

(4) Orders and judgments upon writs of habeas corpus; or

(5) Any other interlocutory order if the trial court certifies and the court on appeal or a judge thereof finds on petition that: A. The appellant will suffer substantial expense, damage or injury if the order is erroneous and the determination thereof is withheld until after judgment, or (b) (sic) The order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case, or C. The remedy by appeal after judgment is otherwise inadequate. The petition for an appeal under subsection (5) of subdivision (b) of this rule shall not stay proceedings in the trial court unless the trial court judge or the court on appeal or a judge thereof shall so order, and such order may be made conditional upon the furnishing of a bond or security protecting the appellee against loss incurred thereby, if any."

In summary, we conclude from examination of the specific language contained in § 3-3305, from the fact that the interlocutory order here involved does not fall within any category

set forth in Rule AP. 4(B) and is thus not appealable to the Court of Appeals and from the fact that provision for appeal from "any other interlocutory order" is found only in Rule 72 which designates that such appeals shall rest within the jurisdiction of the Supreme Court, that the Indiana Court of Appeals lacks jurisdiction of this appeal, and that the same should be transferred to the Indiana Supreme Court.

Public policy would appear to support our conclusion in that the entire tenor of the Public Lawsuit statute itself is couched in terms of the expeditious handling of such suits at all stages so as to insure that undue delay and vexation not have a crippling effect upon public improvement projects. It is in keeping with such philosophy to require direct and immediate review of the interlocutory order provided by § 3-3305 by the Indiana Supreme Court thereby averting an intermediate and necessarily time consuming step in the appellate process. See *State ex rel. Haberkorn* v. *DeKalb Circuit Court, supra,* 251 Ind. 283 at 289.

For the reasons hereinabove stated, this appeal is transferred to the Indiana Supreme Court pursuant to Rule AP. 15(L).

NOTE.—Reported at 302 N.E.2d 536.