INDIANA CANCER SOCIETY, INC. *v.* MARION COUNTY
CANCER SOCIETY, INC.

[No. 29,808. Filed November 4, 1959.]

*William M. Evans, Lewis C. Bose, James P. Seidensticker, Jr., Cook, Bose, Buchanan & Evans,* all of Indianapolis, for appellant.

*Raymond W. Hilgedag* and *James E. Noland,* both of Indianapolis, for appellee.

LANDIS, J.—This is an appeal from an interlocutory order of the lower court granting in part but refusing to grant in toto a temporary injunction enjoining appellee from disposing of all of its money or property pending final disposition of appellant's action for an accounting, etc., and also refusing to appoint a receiver.

According to appellant's complaint, appellant, hereinafter called the Indiana Society, is an Indiana corporation organized to collect and disseminate information concerning cancer, for research into its cause and cure, and to raise and expend funds for such purposes. Appellee, hereinafter called Marion County Cancer, Inc., is an Indiana corporation organized in 1953 for purpose of carrying out the program of the American Cancer Society, Inc., for the control of cancer in Marion County, Indiana, in cooperation with the American Cancer Society and its divisions of affiliated units, for encouraging cancer research, and obtaining funds therefor.

It further appears that appellant Indiana Society is an agent of the American Cancer Society, Inc., and it is alleged that from 1946 to 1959 appellee Marion County Cancer, Inc., or its predecessor, an unincorporated association known as "The Marion County Division, Indiana Cancer Society, Inc.," operated in Marion County, Indiana, as the duly authorized and affiliated agent of the Indiana Society. That said unincorporated association received a charter as the Marion County unit of the Indiana Society. That in October, 1953 upon the incorporation of Marion County Cancer, Inc.,

the latter by resolution acquired the assets and assumed the liabilities of said predecessor unincorporated association including its rights and liabilities under its aforesaid charter.

Appellant Indiana Society's complaint is in two paragraphs, the first paragraph of which alleges that appellant Indiana Society adopted a policy in 1958 to disassociate itself with United Funds and Community Chests and that units should in 1960 conduct their independent fund-raising drives; that appellee Marion County Cancer, Inc., the agent of the Indiana Society, although notified relative thereto, violated said policy by obligating itself not to conduct an independent drive in 1960.

The second paragraph of complaint alleges that appellant Indiana Society on or before the year 1946 had adopted a policy as to distribution of contributions according to which 40% of such amounts would be distributed to the Marion County Society, 40% to the American Cancer Society, and 20% to appellant Indiana Society. That a written contract between appellant Indiana Society and appellee Marion County Cancer, Inc.'s predecessor was executed in 1951 embodying the 40-40-20 terms of said policy. That appellee Marion County Cancer, Inc., in the calendar year of 1958 violated said policy and contract by failing to remit in accordance therewith.

This cause was submitted by appellant Indiana Society on the temporary injunction hearing below solely on the basis of its verified complaint in two paragraphs without other evidence. Appellee offered several witnesses, but their testimony is not pointed out as pertinent to this appeal.

The lower court which had previously entered a restraining order without notice, after the hearing dis-

solved the same as to appellee Marion County Cancer, Inc.'s checking account, but retained in effect the restraining order as to the savings account and the agency agreement with the American Fletcher National Bank, which assets were to be frozen until the final hearing. The court further ordered 60% of the donations received from the United Fund beginning September 1, to be placed in trust until final disposition of the cause and restrained appellee from investing money in real estate until final order of the court but allowed appellee to use its physical properties as it saw fit. The application for appointment of a receiver was denied.

Appellant Indiana Society on this appeal contends the court erred in refusing to grant appellant in its entirety a temporary injunction restraining the disposition of all of the money or property pending the final determination of the case and in refusing the appointment of a receiver. Appellant asserts the trial court on the basis of its verified complaint, which was its only evidence, as a matter of law was required to grant the injunctive relief in toto.

This court cannot here weigh the evidence, but can only now review the same for the purpose of deciding whether or not the ruling of the trial court was arbitrary or an abuse of discretion. It is only the question of alleged abuse of discretion that is before us on this appeal. See: *Tuf-Tread Corp.* v. *Kilborn* (1930), 202 Ind. 154, 172 N. E. 353; *State ex rel. Board, etc.* v. *Hayes* (1950), 228 Ind. 286, 91 N. E. 2d 913.

In the lower court appellant had the burden of proof in establishing its right to a temporary injunction, and

before this court can set aside the trial court's refusal to grant the injunction prayed for, it must appear that all the evidence is undisputed and uncontradicted, and leads inescapably to the sole conclusion that appellant is entitled to injunctive relief demanded. See: *Wright* v. *Peabody Coal Co.* (1948), 225 Ind. 679, 77 N. E. 2d 116; *State ex rel. Board, etc.* v. *Henry* (1951), 229 Ind. 219, 97 N. E. 2d 487.

Did the evidence here lead inescapably to the conclusion that appellant was entitled to a temporary injunction against appellee disposing of all of its money and property?

The verified complaint which appellant concedes was its only evidence proceeded on two different inconsistent theories in the separate paragraphs thereof. The first was that appellee was an agent of appellant and that on the termination of the agency, appellant was entitled to all the agent's assets and injunctive relief covering the same. The second paragraph was predicated on the terms of an alleged contract between appellant and appellee's predecessor according to which appellee was allegedly to observe a 40-40-20 formula in distributing the funds, and appellee thereby would be entitled to retain 40% of the moneys in its hands. The prayer for relief of the second paragraph asked only for injunctive relief on the 40-40-20 basis so that appellee's right to the 40% would ostensibly not be disturbed.

We are unable to see how appellant, relying solely on the evidentiary support of its verified complaint, can properly complain that the trial court's granting of a temporary injunction which only excepted from the previous blanket restraining order the items of $22,842 in appellee's checking account, and 40% of the contri-

butions to be received by it in August, 1959, amounted to an abuse of discretion.

In fact the relief sought in appellant's second paragraph of complaint was adequately protected by the interlocutory order of injunction. Appellant cannot complain if the lower court did not also grant appellant further injunctive relief predicated solely on the evidentiary support of an inconsistent previous paragraph of verified complaint.

It is necessarily our conclusion that the evidence below does not inescapably lead to the conclusion that the trial court should have granted a temporary injunction in its entirety against the disposition of appellee's property.

We similarly are of the opinion that no error has been shown in the court's refusal to appoint a receiver in interlocutory order below.

The interlocutory order appealed from is affirmed.

Achor, C. J., and Arterburn, Jackson and Bobbitt, JJ., concur.

NOTE.—Reported in 161 N. E. 2d 769.