BODKIN *v.* EDGCOMB ET AL.

[No. 20,010. Filed May 26, 1964.]

*George W. McCain,* of Gary, and *Bowen, Myers, Northam & Givan,* of Indianapolis, for appellant.

*Hodges, Ridgely, Davis, Gruenberg & Draper* and *Herschel B. Davis,* of Gary, for appellees.

FAULCONER, P. J.—This is an appeal from the Lake Superior Court, Room No. 3. The issues were ultimately formed on appellant's second amended complaint in two paragraphs to which appellees filed their answer. The cause was tried by the court, without a jury, and the trial court, at the close of all the evidence, filed its special findings of fact, conclusions of law, and thereafter entered judgment for the appellee, Priscilla I. Bodkin Edgcomb.

Appellant duly filed his motion for new trial which was overruled, and this appeal followed.

Appellant assigns as errors the court's overruling of his motion for a new trial, and the court's Conclusions of Law Nos. 1 through 7, inclusive.

While appellant attacks the sufficiency of the evidence to support a finding of fact of delivery of the deed, we feel that, without burdening this opinion to consider whether or not appellant has waived this ground, it is sufficient to point out that appellant's own condensed recital of the evidence shows a conflict on this point. Appellant's other grounds for new trial have been waived as either improper grounds or for failure to comply with Rule 2-17(e) of the Rules of the Supreme Court. Rule 2-17(f) of the Supreme Court.

A charge of error in a conclusion of law admits for the purpose of the asserted error that the facts which are properly within the issues have been fully and correctly found. *Sikes* v. *Lefton* (1960), 130 Ind. App. 620, 623, 166 N. E. 2d 652.

As a general rule, where the court states as a conclusion of law, that the law is with the defendant, all contrary conclusions not controlling of the general conclusion may be ignored as surplusage. *Miller, etc.* v. *Ortman, etc., et al.* (1956), 235 Ind. 641, 665, 666, 136 N. E. 2d 17; *Owen County State Bank* v. *Guard* (1940), 217 Ind. 75, 85, 26 N. E. 2d 395; *Smith* v. *Smith et al.* (1954), 124 Ind. App. 343, 348, 115 N. E. 2d 217.

As its Conclusion of Law No. 1 the trial court stated, "That the law is with the defendant, Priscilla L. Bodkin."

Therefore, if the trial court's Conclusion of Law No. 1 is supported by the facts found by the trial court,

and is within the issues formed by the pleadings, then it is sufficient upon which to base a valid judgment and the other conclusions may be disregarded. *Owen County State Bank* v. *Guard, supra; Klingler* v. *Ottinger* (1939), 216 Ind. 9, 14, 22 N. E. 2d 805, 808; *Atlas Securities Co.* v. *Ferrell* (1929), 88 Ind. App. 543, 549, 164 N. E. 709.

Appellant argues that there is no finding of fact that there was a delivery of the deed from appellant to appellee. The trial court's Special Finding of Fact No. 5 reads as follows:

"5. That thereafter on the fourth day of January the plaintiff executed his quit claim deed, signed by him, conveying to the defendant the property heretofore described; that such deed dated January 4, 1947, and acknowledged on that date before a Notary Public and was admitted in evidence as plaintiff's Exhibit No. 1, and that a true and correct copy of such Deed with the notarization, and showing the recording date thereof, is as follows (here insert)."

Appellant further argues that the above finding is not a finding that there was a delivery of said deed.

Our Supreme Court in *Pool* v. *Davis* (1893), 135 Ind. 323, at page 327, 34 N. E. 1130, in answer to a similar assertion stated,

"Contrary to the contention of appellants, it is our opinion that the finding of the execution of the deed includes not only the writing and acknowledging of the deed, but also its delivery." See also: *Sodders* v. *Jackson* (1942), 112 Ind. App. 179, 185, 44 N. E. 2d 310; *Colee* v. *Colee et al.* (1890), 122 Ind. 109, 111, 23 N. E. 687.

In the case of *Jones et al.* v. *Greiger, Trustee, etc. et al.* (1960), 130 Ind. App. 526, at page 533, 166 N. E. 2d 868, this court stated,

"[I]t is the general rule of law that, 'The special findings of fact must be considered as a whole. One part may be considered in connection with other connected parts or parts referring to the same transaction, and if taken as a whole, the finding legitimately supports the judgment, it will be upheld. All intendments and presumptions are taken in favor of the findings rather than against them.' " (Citing authorities.)

The findings of fact by the trial court in this case, considered as a whole, amply support the trial court's Conclusion of Law No. 1. We need not consider appellant's attack on the trial court's Conclusion of Law No. 6 wherein the trial court found him guilty of laches, as our decision makes it unnecessary as surplusage.

Appellant failing to demonstrate reversible error, the judgment of the trial court is affirmed.

Carson, Cooper and Ryan, JJ., concur.

NOTE.—Reported in 198 N. E. 2d 771.