RED 73 CREAMERY, INC. *v.* LUMBERMEN'S MUTUAL CASUALTY COMPANY.

[No. 20,090. Filed September 7, 1965. Rehearing denied October 8, 1965. Transfer denied February 2, 1966.]

---

* While Judge Martin participated in the hearing of the oral argument and conference of the judges above named, he concurred in the result at the time of the conference but did not participate in the adoption of this final opinion.

274.

*Zane E. Stohler, Mendenhall, Hunter & Stohler,* of Winchester, *J. Brandon Griffis, Griffis, Griffis & Tripp,* of Richmond, *Richard M. Givan* and *Bowen, Myers, Northam & Givan,* of Indianapolis, for appellant.

*John D. Wilson, Wilson & Bales,* of Winchester, and *Harlan, Harlan, Schussler & Keller,* of Richmond, for appellee.

CARSON, J.—This case comes to us on appeal from the Wayne Superior Court. The issues were formed by the appellant's fifth amended complaint and the appellee's answer in four paragraphs. The case was tried before the court without a jury and a negative judgment was rendered.

There were four principle issues presented by the pleadings which were substantially as follows:

"1. The amount of the appellant's loss or damage;
2. Whether or not the loss or damage was 'accidental' or the result of 'accident,' within the meaning of the comprehensive loss provisions of the policy;
3. Whether or not the damaged milk transport tanker, which was out of appellant's possession on bailment at

the time of the issuance of the policy but which was acquired into appellant's operating fleet and business use and possession during the policy period, was afforded insurance under the language of the automatic coverage provisions of the fleet endorsement (Auto 8D Clause) or, alternatively, whether or not the knowledge of appellee's local insurance agent respecting said vehicle at the time of the issuance of the policy was imputed to the appellee so as to preclude the appellee from denying liability upon said vehicle under the law of waiver or estoppel, under the facts and circumstances in this case;

4. Assuming that the loss to the tanker was covered by the policy, whether or not the same was 'due and confined to mechanical failure' so as to be subject to the mechanical failure exclusion' of the policy."

Upon these issues the court found the facts specially and found that the appellant's transport tanker was damaged resulting in a reduction in value of $9,000.00. The court further found that the automatic coverage provision of the fleet provision was not applicable to the piece of equipment damaged; that the insurance agent who sold the policy was a "local agent" and had no authority to vary any of the terms of the policy, to interpret the policy, or to bind the defendant by any notice he may have had; that the damage to the equipment was due and confined to mechanical breakdown or failure. In all the court made 31 findings of fact but it is not necessary to set out such other findings for the purpose of this opinion. After making its findings the court rendered judgment in favor of the appellee and against the appellant for costs.

Some of the evidence was stipulated including the provisions of the insurance policy in question and in order to properly lay the background for this opinion it is necessary that those provisions be set out.

Following the court's judgment the plaintiff's motion for new trial was filed specifying ten grounds. The first being that the finding and decision of the court is contrary to law,

second that the finding and decision of the court is not sustained by sufficient evidence. Assignments 3 through 9 are that the court erred in its ruling on the plaintiff's objections to certain questions and the answers thereto and the tenth ground is that the court erred in its each and every conclusion of law upon its special findings of fact.

> There are two assignments of error. First that the court erred in overruling the appellant's motion for new trial ■ and second, that the court erred in its each and every conclusion of law upon its special findings of fact.

It should be pointed out that this being a negative judgment no question is presented to this court on the sufficiency of the evidence and second, that the objection to the conclusion of law admits that the findings of fact were sustained by sufficient evidence in the trial. It is only for us to consider whether or not the conclusions of law are correct upon the findings of fact and whether the findings of fact are contrary to law.

The facts are undisputed that the appellant owned the tanker in question at all times; that it was leased to the Aiken's express of Osgood, Indiana; that it was returned to possession of the appellant about a month before the accident; that during all of this time the facts were known to the appellee's local insurance agent, the Mangas Agency of Union City.

We feel that it is necessary to give careful attention to the language of the insurance contract being mindful of the generally accepted proposition of law to the effect that ■ insurance contracts are to be interpreted most favorably to the insured. *Masonic Acc. Ins. Co.* v. *Jackson* (1929), 200 Ind. 472, 481, 164 N. E. 628, cited with approval in *State Security Life Ins. Co.* v. *Kintner* (1962), 243 Ind. 331, 185 N. E. 2d 527.

Applying the above rule we consider first the definition of automobile as defined in the insurance contract before us:

"(4)   Newly Acquired Automobile—An automobile, ownership of which is acquired by the named insured who is the owner of the described automobile, if the named insured notifies the company within thirty days following the date of its delivery to him and if either it replaces an automobile described in this policy or the company insures all automobiles owned by the named insured at such delivery date; but the insurance with respect to the newly acquired automobile does not apply to any loss against which the named insured has other valid and collectible insurance. The named insured shall pay any additional premium required because of the application of the insurance to such newly acquired automobile."

"This policy does not apply:

"(h)   under coverages C, E, F, G, H and I (1) while the automobile is subject to any bailment lease, conditional sales, mortgage or other encumbrance not specifically declared and described in this policy; (2) to loss due to war, whether or not declared, invasion, civil war, insurrection, rebellion or revolution or to confiscation by duly constituted governmental or civil authority; (3) to any damage to the automobile which is due and confined to wear and tear, freezing, mechanical or electrical breakdown or failure, unless such damage is the result of other loss covered by this policy; (4) to robes, wearing apparel or personal effects; or (5) to tires unless damaged by fire or stolen or unless such loss be coincident with other loss covered by this policy;"

"*AUTO 8D*

Fleets of Automobiles—Automatic Coverage

*   *   *

Such insurance, except collision or upset, as is afforded by such Policy to all owned automobiles shall also apply to *all automobiles acquired by the Insured as owner during the Policy period and used for business purposes.*" (Our emphasis)

"Such automatic insurance is in an amount not exceeding the actual cash value of the automobile at time of loss and attaches in respect of additional automobiles on the dates of delivery thereof to the insured. On automobiles disposed of or sold insurance terminates on the dates of such disposition of sale."

It should be noted that while the words "newly acquired automobile" are used in the paragraphs of the standard contract, this phrase is not used in the rider designated as *Auto 8D*. In *Auto 8D* language of general ownership is used and this is modified by the expression, "and used for business purposes." We think the facts in this case clearly bring the insured within the provisions of *Auto 8D* and that the findings and conclusions of the trial court in so far as they deny protection of the fleet policy provision to the insured, are clearly contrary to law.

The specification in the motion for new trial that the finding and decision of the court is contrary to law requires us to apply the principle cited in *Pokraka et al.* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669. Applying this rule it is our opinion that finding number 17 which reads as follows:

"That said accident was due and confined to mechanical breakdown or failure."

is contrary to law. The appellee argues that this finding is supported by allegations in the various complaints filed in the cause and which were ultimately superseded by amended complaint number 5. The contention of the appellee is based upon the general theory that admissions contained in pleadings which are withdrawn or superseded may be used against the pleader. This position is correct if the pleadings are offered and received into evidence. Unless the pleadings are offered and received in evidence the admissions contained therein are not before the trier of the fact. 12 I. L. E., Evidence, § 132; 12 Ind. D., Evidence, § 208 and following. *Heeter* v. *Fleming* (1946), 116 Ind. App. 644, 67 N. E. 2d 317.

An examination of the record shows that it is entirely lacking in substantial evidence to sustain the court's finding number 17. In the case of *Burke* v. *Burke* (1963), 135 Ind. App. 235, 191 N. E. 2d 530, 533, this court said:

"The material allegations of appellant's complaint essential to recovery must be supported by 'substantial' evidence as

differentiated from a mere 'scintilla.' Sylvester v. State (1933), 205 Ind. 628, 187 N. E. 669; McCague v. New York C. & St. L. R. Co. (1947), 225 Ind. 83, 71 N. E. 2d 569, 73 N. E. 2d 48.

Substantial evidence has been defined to mean 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' McCague v. New York C. & St. L. R. Co., supra; Marzacco v. Lowe (1945), 58 F. Supp. 900 (D.C.N.J.)."

Finding number 17 is therefore contrary to law and should be restated by the court to the effect that the damage to the tanker was accidental and not the result of mechanical breakdown or failure.

Considering the next question of whether or not the conclusions of law are contrary to law we hold that conclusions 1, 2, 4, 5 and 6 are contrary to law and should be restated as follows:

1. That the law applicable to this action is with the plaintiff.

2. That the law applicable to this action is against the defendant.

4. That said tanker was damaged as the result of an accident as defined in the policy sued upon and as set out in the comprehensive clause of the policy.

5. That the defendant is estopped to deny liability.

6. That the judgment in this action is rendered in favor of the plaintiff and that the plaintiff recover the sum of $8,500.00 together with its costs in this action.

Upon the restatement of special finding of fact 17 and the restatement of conclusions of law 1, 2, 4, 5 and 6 the court is instructed to revise and restate its judgment consistent with the court's finding as to the costs of repair to the damaged vehicle in the amount of $8,500.00 by rendering judgment for the plaintiff-appellant in the amount of $8,500.00 together with costs.

The judgment of the court is reversed with instructions to the trial court to enter corrected findings, conclusions and judgment consistent with this opinion.

Prime, P. J., and Faulconer, J., concur.

While Judge Martin participated in the hearing of the oral argument and conference of the Judges above named, he did not participate in the adoption of this final opinion.

NOTE.—Reported in 209 N. E. 2d 896.