JOHNSON ET AL. *v.* TIPTON COMMUNITY SCHOOL CORP., ET AL.

[No. 569-S-112. Filed February 10, 1970. No petition for rehearing filed.]

*Ellis & Gamble*, Kokomo, *Frank E. Spencer*, Indianapolis, *Bowen, Myers & Northam*, Indianapolis, for appellants.

*James Droege*, Deputy Attorney General, *Joe F. Watson*, Tipton, *Richard P. Good, Jr., Lacey, Angel & Good*, Kokomo, *William M. Evans, Bose, Buchanan, McKinney & Evans*, Indianapolis, for appellees.

DeBruler, J.—This is an appeal from an interlocutory order of the Howard Circuit Court pursuant to the Public Lawsuit Statute, Ind. Acts 1967, ch. 357, §§ 1 to 8, Burns' §§ 3-3301 to 3-3308, ordering appellants to post a $300,000 bond or have their suit dismissed.

On July 31, 1968, the trustees of the Tipton Community School Corporation determined to execute a lease-rental agreement with the Tipton Community School Building Corporation to provide school buildings for use by the school corporation. The proposed lease-rental agreement was filed with the State Board of Tax Commissioners for its approval.

On September 16, 1968, a remonstrance was filed with the State Board of Tax Commissioners. On September 27, 1968, the State Board of Tax Commissioners held a hearing on the petition in Tipton County. The Board was represented by two field representatives who filed written summaries of the evidence and recommendations with the Board. On November 4, 1968, the State Board of Tax Commissioners approved the recommendations of the hearing examiners and the lease-rental agreement.

On December 4, 1968, appellants filed their complaint for a permanent injunction against appellees carrying out the terms of the agreement and issuing any bonds in performance of the agreement. The appellees on February 10, 1969, filed a petition pursuant to Burns' § 3-3305, requesting that this cause be dismissed unless appellants posted a bond. On April 11, 1969, a hearing was held and documentary evidence was submitted by both sides. On April 14, 1969, the trial court granted appellees' petition and ordered appellants to post a $300,000 bond within ten (10) days or have their suit dismissed. Thereafter, appellants brought this interlocutory appeal of that order pursuant to the provisions of Burns' § 3-3305.

Since this case turns solely on the interpretation of § 3-3305 we set it out in full:

"At any time prior to the final hearing in a public lawsuit, the defendant may petition for an order of the court that the cause be dismissed unless the plaintiff shall post a bond with surety to be approved by the court payable to defendant for the payment of all damages and costs which may accrue by reason of the filing of the lawsuit in the event the defendant prevails. A hearing shall be had on such petition in the same manner as the hearing on temporary injunctions under Acts 1881 (Spec. Sess.), c. 38. If at the hearing the court determines that the plaintiff can not establish facts which would entitle him to a temporary injunction, the court shall set the amount of bond to be filed by the plaintiff in an amount found by the judge to cover all damage and costs which may accrue to the defendants by reason of the pendency of the public lawsuit in the event the defendant prevails. In the event such bond is not filed by the plaintiff with sureties approved by the court within ten (10) days after such order is entered the suit shall be dismissed. Either plaintiff or defendant may appeal such order to the Indiana Supreme Court within such ten (10) day period by notice of appeal and a statement of error in the same manner as is provided in a petition for mandate or prohibition. The Supreme Court may stay the lower court order pending its own decision, may set a bond to be filed by the plaintiff in connection therewith, may modify the order of the lower court, or may enter its order

as a final order in a case. In the event no bond is filed as provided in this section the public lawsuit shall be dismissed and no court shall have further jurisdiction of the public lawsuit or any other public lawsuit involving any issue which was or could have been raised therein."

At the hearing pursuant to this section, the appellants had the burden of producing evidence before the trial court which would have been sufficient to entitle them to a temporary injunction, had they been seeking one.

If appellants had been seeking a temporary injunction they would have been required to present evidence to the trial court which would show that: (1) the question to be tried was a substantial one, proper for investigation by a court of equity. It is not necessary that such a case should be made out as would entitle appellants to relief on the final hearing; (2) the status quo should be maintained until the final hearing or appellants will certainly be injured irreparably before a trial on the merits can be had; (3) there is no adequate remedy at law; and (4) any damages to the appellants may be adequately indemnified by the bond posted by the plaintiff. *Haberkorn* v. *DeKalb Circuit Court* (1968), 251 Ind. 283, 241 N. E. 2d 62; *McKain* v. *Rigsby* (1968), 250 Ind. 438, 237 N. E. 2d 99; *Indiana Annual Conference Corp.* v. *Lemon* (1955), 235 Ind. 163, 131 N. E. 2d 780; *Koss* v. *Continental Oil Co.* (1943), 222 Ind. 224, 52 N. E. 2d 614; *Tuf-Tread Corp.* v. *Kilborn* (1930), 202 Ind. 154, 172 N. E. 353.

In a hearing under § 3-3305, where the plaintiff is not actually seeking a temporary injunction, some of these requirements do not make sense and are not applicable. In fact, the only applicable requirement is the first one. The purpose of this statutory scheme is to protect the public against a "flood of harassing litigation" which obstructs and delays public improvement at prohibitive costs and from the "financial damage of completely non-meritorious litigation." *State ex rel. Haberkorn* v. *DeKalb Circuit Court,*

*supra.* The requirement that the plaintiff must introduce evidence sufficient to show the trial court that there is a substantial question to be tried accomplishes those purposes adequately by eliminating merely harassing suits or completely non-meritorious litigation.

The determination that a plaintiff has satisfied that requirement is to be made by the trial court. In reviewing his decision this Court has a different and more limited role. Traditionally, it has been said that we review solely to determine whether the ruling of the trial court was an "abuse of his discretion." *Green* v. *Bd. of Commissioners of Scott Co.* (1969), 251 Ind. 535, 242 N. E. 2d 844; *Southport Bd. of Zoning Appeals* v. *Southside Ready Mix Concrete, Inc.* (1961), 242 Ind. 133, 176 N. E. 2d 112; *Ind. Cancer Society, Inc.* v. *Marion Co. Cancer Society, Inc.* (1959), 240 Ind. 89, 161 N. E. 2d 769; *State ex rel. Bd. of Medical Registration and Examination* v. *Henry* (1951), 229 Ind. 219, 97 N. E. 2d 487; *State ex rel. Bd. of Medical Registration and Examination* v. *Hayes* (1949), 228 Ind. 286, 91 N. E. 2d 913. However, in the view we take of this case there is no question of the trial court's abuse of discretion because the only issue properly presented on this appeal is the trial court's compliance with a statute. The trial court has no discretion to fail to comply with a statute and this Court's scope of review in that question is not limited in any way.

In this appeal appellants have properly presented two distinct but related issues concerning the trial court's judgment. First, appellants allege it was error for the trial court to order appellants to post a bond without making any finding or determination that the appellants could not establish facts which would entitle them to a temporary injunction. Second, it was error for the trial court to set bond at $300,000 without making any findings concerning damages and costs which might accrue to appellees by reason of the pendency of the public lawsuit in the event the appellees prevail. Appellants allege that such findings are required by § 3-3305. The issue

then is whether the trial court's judgment satisfies the requirements of that section.

Burns' § 3-3305 says "If at the hearing the court *determines* that the plaintiff cannot establish facts which would entitle him to a temporary injunction. . . ." (Emphasis added.) The trial court complied with this part of the statute because he did make such a "determination." After the hearing the trial court entered the following judgment:

"The court now sustains defendants' motion, and orders that said plaintiffs file in the sum of $300,000.00 as petitioned for, and that if said bond is not filed within ten days, the complaint shall be dismissed without further order of the court, subject to the right of appeal."

This is a general finding for the appellees on their petition.

The appellees' petition for setting of bond which the trial court granted reads as follows:

"Comes now herein the Defendant, Tipton Community School Corporation and the Defendant, Tipton Community School Building Corporation, and the members of the respective Board thereof, by counsel, and respectfully petition this Court, pursuant to the provisions of Chapter 357 of the Acts of 1967, particularly Section 5 thereof, that this Court hold a hearing in this cause on this Petition, and that this Court dismiss this cause, after hearing, unless the Plaintiffs post bond, with surety to be proved by this Court, payable to the Defendants, *for the payment of all damages and costs which may accrue by reason of the filing of this lawsuit, in the event the Defendants prevail, for the reason that Plaintiffs cannot establish facts at such hearing that will entitle them to a temporary injunction;* and that, at such hearing, *after determining that Plaintiffs cannot establish facts to entitle them to a temporary injunction, that this Court order Plaintiffs, and each of them, to file in this cause a bond in an amount sufficient to cover all damages and costs which may accrue to Defendants by reason of the pendency of this lawsuit, in the event the Defendants prevail,* and, to provide further that in the event such bond is not filed by the Plaintiffs, with sureties approved by the Court, within ten (10) days after such order is entered, this suit shall be dismissed without further order of this Court, subject to right of appeal as provided in such Act." (Emphasis added.)

The judgment granting appellees' petition satisfies completely the statutory requirement of a determination concerning appellants' evidence.

This reasoning also disposes of appellants' second contention. Burns' § 3-3305 says ". . . the court shall set the amount of bond to be filed by the plaintiff in an amount found by the judge to cover all damages and costs which may accrue to the defendants by reason of the pendency of the public lawsuit in the event the defendant prevails."

At the hearing the appellees had the burden of producing evidence of such damage and costs. The appellees introduced such evidence which was not contradicted by appellants. The trial court's judgment granting appellees' petition and setting a bond is a general finding for appellees and completely satisfies the statutory requirement.

We note that after January 1, 1970, when the new Indiana Rules of Procedure go into effect, the trial court will be required to make special findings of fact without request in cases when a temporary injunction is sought. Rule TR 52 (A) (1), Ind. Rules of Procedure. Since the hearing under § 3-3305 is to be conducted as if a temporary injunction were being sought, this rule will also apply to cases under § 3-3305.

Appellants also made a motion in this Court for a rule against appellees to show cause why appellees have not abandoned these proceedings and rendered this cause moot by entering into a second lease-rental agreement covering the same subject matter as the one involved in this cause, except that the payments are higher.

This motion is denied. Neither appellants nor appellees have withdrawn any of their contentions in this appeal which is solely concerned with the setting of a bond, nor have they withdrawn any of their contentions as to the ultimate merits of this case.

The trial court's judgment granting appellees' petition and setting appellants' bond at $300,000 is affirmed.

Hunter, C.J., Arterburn, Jackson, JJ., concur; Givan, J., not participating.

NOTE.—Reported in 255 N. E. 2d 92.