ZARKO SEKEREZ, TAXPAYER *v.* GARY REDEVELOPMENT COMMISSION.

[No. 3-473A44. Filed September 26, 1973. Rehearing denied October 31, 1973. Transfer denied February 27, 1974.]

*Zarko Sekerez,* Pro se, of Merrillville, for appellant.

*Nick Katich, Robert J. Addison, Addison, Stiles, Greenwald and Kinney,* of Gary, for appellee.

HOFFMAN, C.J.—This is an appeal by plaintiff-appellant Zarko Sekerez, an Indiana taxpayer, from an order requiring a bond in an action brought pursuant to the public lawsuit statutes. IC 1971, 34-4-17-1 to 34-4-17-8, Ind. Ann. Stat. §§ 3-3301 to 3-3308 (Burns 1968), as amended.

Sekerez, in a complaint filed on January 2, 1973, alleged, among other things, that the plans, specifications and estimates of contracts pertaining to two urban renewal projects in which the Gary Redevelopment Commission (Commission) was involved did not carry the signature and seal of regis-

tered professional engineer. The complaint further alleged that the approval of such plans, etc., by Commission for public improvements known specifically as the Small Farms Urban Renewal Project and Midtown West Phase I of the Urban Renewal Area Project was illegal and that any contract entered into by Commission in which such plans, etc., were utilized was null and void.

By reason of the aforestated allegations, Sekerez's prayer for relief asked that the plans, specifications and estimates of contracts in question, together with any contracts entered into pursuant thereto, be declared null and void; and that Commission be enjoined from proceeding with such contracts.

Following the filing of Commission's answer on January 17, 1973, an amended complaint was filed on January 26, 1973. Upon motion of defendant such amended complaint was stricken from the files.

On February, 5, 1973, Commission filed a petition for an order that the cause be dismissed unless bond be posted.

On February 8, 1973, a hearing was held on Commission's petition and on March 20, 1973, the court granted the petition. The order further decreed that bond be posted in the amount of $300,000 as petitioned for, "to cover all damages and costs which may accrue to the defendant by reason of the pendency of the public lawsuit in the event the defendant prevails, and that if said bond is not filed within ten (10) days from the date hereof, the complaint shall be dismissed without further order of the court, subject to the right of appeal."

Sekerez failed to post the required bond within the ten-day period and dismissal followed.

The principal issue presented in the instant appeal is whether the trial court erred in requiring Sekerez to post bond.

Sekerez contends that the requirement that bond be posted in a public lawsuit is proper only when the plaintiff fails

to establish a substantial claim and show facts which would entitle him to a temporary injunction. He further asserts that he met his burden of proof and that the judgment of the trial court is contrary to law.

In response, Commission contends that an application of the proper standard of review will disclose that the plans, specifications and estimates were properly prepared, sealed and certified by a registered professional engineer and that the trial court correctly found that Sekerez had not presented a substantial claim proper for investigation by a court of equity.

In the case at bar, we are reviewing a negative judgment. The proper standards for review under such circumstances were expounded in *Gariup* v. *Stern* (1970), 254 Ind. 563, at 568, 261 N.E.2d 578, at 582-583, wherein it is stated:

"In reviewing the trial court finding that appellants failed to introduce sufficient evidence to sustain their burden of showing that their claim was a substantial one, proper for investigation by a court of equity, we are reviewing a negative finding of fact. We will find that the trial court abused its discretion in making this negative finding if, looking to the evidence and all reasonable inferences therefrom which tend to support the ruling of the trial court, that evidence leads to but one conclusion and the trial court reached a different one."

Thus, our consideration is whether, in denying the relief which Sekerez sought, the trial court abused its discretion. *Gariup* v. *Stern, supra; Johnson* v. *Tipton Comm. School Corp.* (1970), 253 Ind. 460, 255 N.E.2d 92; *Green* v. *Bd. of Commissioners* (1969), 251 Ind. 535, 242 N.E.2d 844.

It has also been stated that in a hearing of the nature contemplated under IC 1971, 34-4-17-5, Ind. Ann. Stat. § 3-3305 (Burns Cum. Supp. 1972), the plaintiff is not required to establish such a case as would entitle him to judgment after trial on the merits. *Gariup* v. *Stern, supra; Johnson* v. *Tipton Comm. School Corp., supra.*

With these standards in mind, we proceed to an examination of the evidence adduced at the hearing on Commission's petition.

Steve W. Manich, under direct examination by Mr. Sekerez, testified that he was a registered professional engineer and that the plans, specifications and estimates in question were prepared by his office under his direct supervision. He further stated, under cross-examination, that he had signed and sealed the cover sheets when they were originally prepared but that such cover sheets bearing his signature and seal were later replaced by new cover sheets which had been revised to reflect a change in membership of the Board of Commissioners. Manich failed to affix his seal and signature to these revised cover sheets; however, the plans and specifications remained substantially the same.

IC 1971, 25-31-1-19, Ind. Ann. Stat. § 63-1535(a) (Burns Cum. Supp. 1972), provides as follows:

"Political subdivisions—Public works—Plans and specifications—Engineer required.— (a) Except as hereinafter otherwise provided, no county, city, town, township, school corporation or other political subdivision of this state shall engage in the construction or maintenance of any public work involving the practice of engineering for which plans, specifications and estimates have not been prepared, certified and sealed by, and the construction and maintenance executed under the direct supervision of, a professional engineer. * * *."

Subsection (c) of § 63-1535, *supra,* also provides that:

"(c) No official of this state, or of any city, town, county, township or school corporation thereof, now or hereafter charged with the enforcement of any law, ordinance or regulation relating to the construction or alteration of buildings or structures, shall use or accept or approve any plans or specifications that have not been prepared by, or under the supervision of and certified by, a registered professional engineer: * * *."

Sekerez interprets § 63-1535(c), *supra,* as requiring a professional engineer to certify and seal revised cover sheets where the corresponding plans, specifications and estimates remain unaltered. We do not agree.

The purpose of this provision is to insure that no approval is given by public officials to plans, etc. for public works which are not compiled under the supervision of a registered professional engineer. The object is not to promote mere formality but rather to guard against the acceptance of plans furnished by unqualified sources.

Where a registered professional engineer has initially certified the actual plans pertaining to a public project, and where the engineer has testified that the plans in question have been prepared under his direct supervision, the statutory provisions [§§ 63-1535(a) and 63-1535(c), *supra*], have been substantially complied with.

Looking to the evidence adduced at the hearing and all reasonable inferences therefrom which tend to support the subsequent ruling, we cannot say that the evidence leads to but one conclusion and the trial court reached a different one. We, therefore, find no abuse of discretion by the trial court in requiring Sekerez to post bond.

Another issue presented is whether the trial court erred in granting Commission's motion to strike Sekerez's amended complaint.

The pertinent entries of the trial court in the record before us are as follows:

"And afterward, to-wit: on the 17th day of January, 1973, the following Answer was filed and entered of record in the above entitled cause, which is in the words and figures as follows, to-wit:"

[Here follows the answer filed by Gary Redevelopment Commission.]

"And afterward, to-wit: on the 26th day of January, 1973, the following Amended Complaint was filed and entered of

record in the above entitled cause, which is in the words and figures as follows, to-wit:"

[Here follows the amended complaint filed by Zarko Sekerez.]

On February 2, 1973, appellee filed its motion to strike the amended complaint. Such motion, omitting caption and formal parts, reads as follows:

"Defendant moves the Court to strike plaintiff's Amended Complaint from the files for the following reason:

"1. The Amended Complaint was filed after the answer to it was served. It was filed without leave of Court or written consent of defendant, all in violation of Trial Rule 15(A)."

On February 8, 1973, Commission's motion to strike was submitted to the trial court. Following arguments, the trial court granted Commission's motion and the amended complaint was thereupon ordered stricken from the files.

Sekerez did not file his amended complaint with leave of court. Neither did he obtain the written consent of the adverse party.

Trial Rule 15(A), Ind. Rules of Procedure, provides that a complaint may be amended at any time prior to service of the answer. Otherwise, a complaint may be amended only by leave of court or after obtaining consent in writing from the adverse party.

Thus, the trial court acted correctly in granting Commission's motion to strike.

The final issue raised by this appeal is whether the trial court erred in overruling Sekerez's motion to amend his complaint.

The record is devoid of such motion by appellant and the question, therefore, is not properly before this court.

No reversible error having been shown, the judgment of the trial court is affirmed.

Affirmed.

Sharp and Staton, JJ., concur.

NOTE.—Reported at 301 N.E.2d 372.