ZARKO SEKEREZ *v.* BOARD OF SANITARY COMMISSIONERS OF THE SANITARY DISTRICT OF THE CITY OF GARY; DEDELOW, INC.; GARIUP CONSTRUCTION COMPANY; VIC KIRSCH CONSTRUCTION COMPANY; BRANDT CONSTRUCTION COMPANY; AND BONGI CARTAGE, INC.

[No. 3-573A63. Filed April 11, 1974. Rehearing denied June 17, 1974. Transfer denied September 11, 1974.]

*Zarko Sekerez,* Pro Se, for appellant.

*Jackie L. Shropshire,* of Gary, for appellee Board of Sanitary Commissioners; *Kenneth D. Reed,* of Hammond, for appellee Dedelow, Inc.; *Charles E. Daugherty,* of Merrillville, for appellee Gariup Construction Company; *F. Laurence Anderson, Jr.,* of Gary, for appellee Bongi Cartage, Inc.; *William J. O'Connor,* of Hammond, for appellee Vic Kirsch Construction Company; *Richard W. Johnson,* of Hammond, for appellee Brandt Construction Company.

HOFFMAN, C.J.—This is an appeal by plaintiff-appellant Zarko Sekerez, an Indiana taxpayer, from an order requiring the posting of a bond in an action brought pursuant to the Public Lawsuit Statutes, IC 1971, 34-4-17-1—34-4-17-8 (Burns Code Ed. and Burns Code Ed., Supp. 1973).

The cause which is now before us was commenced by the filing of two separate complaints which were consolidated for proceedings below and also for purposes of appeal. In the complaints, plaintiff-appellant Sekerez sought injunctive relief against the performance of contracts awarded by defendant-appellee Board of Sanitary Commissioners of the City of Gary (Board) pursuant to a project to improve the sewage disposal system of the City of Gary. Appellant also sought a declaratory judgment to declare invalid a certain resolution of the Board pertaining to the project together with any contracts awarded by the Board for construction under the project.

Appellant alleged, *inter alia,* that he was denied by the Board the opportunity to inspect the engineer's estimates for the costs of construction; that the engineer's estimates were not signed and sealed by a registered, professional engineer; that the estimates were not on file with the Board; that the contracts awarded for construction were in excess of the engineer's estimates; that the proposed project would not prevent pollution of the Grand Calumet River contrary to statements contained in a resolution adopted by the Board; and that the construction of the project would, therefore, constitute a waste of public funds.

Following the filing of plaintiff-appellant's complaints, the Board filed petitions pursuant to IC 1971, 34-4-17-5, *supra,* asking that the trial court dismiss the causes unless plaintiff shall post a bond. Subsequent to a hearing on May 29, 1973, the trial court entered special findings of fact and conclusions of law and issued an order which, omitting caption and formal parts, states as follows:

> "The plaintiff, in each and both of the captioned causes, is hereby ordered to post a bond in the amount of $5,000,-000.00, with surety to be approved by the Court, payable to defendant Board of Sanitary Commissioners of the Sanitary District of the City of Gary, Indiana, for the payment of all damages and costs which may accrue to said defendant by reason of the pendency of the captioned actions, or either of them, in the event said defendant prevails, said bond to be posted within ten (10) days from the date of this order. In the event such bond is not filed by the plaintiff, with surety approved by the Court, within ten (10) days after the date of this order, and its entry, the suits, and each of them, shall be dismissed."

On June 11, 1973, the trial court entered final judgment dismissing the causes by reason of the plaintiff's failure to post the required bond within the ten-day period following the issuance of the court's order. Sekerez brings this appeal, however, solely from the interlocutory order of May 29, 1973.

At the outset, it should be noted that of the nine distinct specifications of error contained in appellant's assignment of

errors only six are argued or discussed in the argument section of appellant's brief. The remaining specifications which are not argued must, therefore, be deemed waived on appeal. *Jameson* v. *McCaffry* (1973), 157 Ind. App. 480, 300 N.E.2d 889 (transfer denied) ; *Conley* v. *Lothamer* (1971), 150 Ind. App. 356, 276 N.E.2d 602; Ind. Rules of Procedure, Appellate Rule 8.3 (A) (7).

Appellant first contends that "the findings of fact made by the trial court are not sustained by sufficient evidence." He also asserts that "the decision of the trial court is contrary to the evidence."

These contentions of error, however, fail to present any question for consideration on review. The findings and judgment entered by the trial court in the case at bar, were against plaintiff-appellant Sekerez upon whom rested the burden of proof. As such, the findings and judgment do not rest upon the quantum of evidence and may not, therefore, be challenged on the grounds that they are not supported by sufficient evidence or are contrary thereto. *Lindenborg* v. *M & L Builders And Brokers, Inc.* (1973), 158 Ind. App. 311, 302 N.E.2d 816 ; *VerHulst* v. *Hoffman* (1972), 153 Ind. App. 64, 286 N.E.2d 214 (transfer denied) ; *Hiatt* v. *Yergin* (1972), 152 Ind. App. 497, 284 N.E. 2d 834 (transfer denied).

It is next asserted that the findings of fact entered by the trial court are incomplete and do not cover the issues raised by the pleadings and evidence.

This contention, assuming it to be true, is nevertheless without merit in view of the fact that the findings and conclusions of law entered by the trial court are related to and support the theory of the case upon which the issues are drawn. Under such circumstances, facts not found by the trial court are regarded as not proven; and the law, in effect, implies negative findings as to such issues against the party having the burden of proof. *Miller, etc.* v. *Ortman, etc., et al.*

(1956), 235 Ind. 641, 136 N.E.2d 17; *Metrailer, et al.* v. *Bishop et al.* (1959), 130 Ind. App. 77, 162 N.E.2d 94.

Sekerez also asserts that the trial court erred in failing to make sufficient findings of fact to support its conclusions of law. It should again be emphasized that appellant had the burden of proof at the hearing on Board's petition. Moreover, where a fact is not found it is regarded as a fact not proven and a negative finding is implied. So viewed, the findings of fact must be considered to fully support the conclusions of law entered by the trial court.

Appellant next contends that the conclusions of law of the trial court are contrary to law. However, under this general specification of error he argues only that one conclusion in particular is contrary to law. The conclusion of law in question states as follows:

> "(5) The defendant Board of Sanitary Commissioners at no time violated any of the rights of the plaintiff or the class represented by plaintiff, as secured by Burns' Indiana Statutes Sections 57-603 (IC 5-14-1-3); nor did the Board, in connection with the project, violate the provisions of Burns Section 63-1535 (IC 25-31-1-19)."

It is asserted that such conclusion is erroneous in that "[t]he evidence shows that the plaintiff was denied his right to inspect the public records of the Gary Sanitary District." It should, however, be pointed out that appellant's objection to the conclusion of law admits for the purpose of the asserted error that any special findings of fact in this regard were sustained by sufficient evidence in the hearing. *Red 73 Creamery, Inc.* v. *Lumbermen's Mut. Cas. Co.* (1965), 138 Ind. App. 273, 209 N.E.2d 896 (transfer denied); *Bodkin* v. *Edgcomb* (1964), 136 Ind. App. 161, 198 N.E.2d 771. The sole consideration is, therefore, whether the conclusion of law in question is supported by the findings of fact. Special Finding of Fact No. 13 states as follows:

> "That with respect to Cause No. 473-116, this Court previously found, on March 15, 1973, and decided, that:

'The defendants herein have made available and given to plaintiff all of its engineer estimates referred to in defendants' Declaratory Resolution No. 379.'

Said finding and adjudication was a final appealable order and was not appealed and is, therefore, final, and constitutes res judicata against the claim asserted in Count 1 of plaintiff's complaint in Cause 473-116. *The Court herein readopts and affirms said finding of fact."* (Emphasis supplied.)

Such finding is entirely adequate to support the trial court's conclusion of law and the conclusion, therefore, is not contrary to law.

It is finally asserted that the trial court abused its discretion in not finding that the evidence was sufficient to avoid the requirement that appellant post a bond or suffer dismissal pursuant to IC 1971, 34-4-17-5, *supra.*

The proper standard of review to be applied to the case at bar was expressed in *Gariup* v. *Stern* (1970), 254 Ind. 563, at 568, 261 N.E.2d 578, at 582-583, wherein it is stated:

"In reviewing the trial court finding that appellants failed to introduce sufficient evidence to sustain their burden of showing that their claim was a substantial one, proper for investigation by a court of equity, we are reviewing a negative finding of fact. We will find that the trial court abused its discretion in making this negative finding if, looking to the evidence and all reasonable inferences therefrom which tend to support the ruling of the trial court, that evidence leads to but one conclusion and the trial court reached a different one."

As to the quantum and character of the evidence presented in a hearing of the nature contemplated under IC 1971, 34-4-17-5, *supra,* we are cognizant of the fact that the plaintiff is not required to present such a case as would entitle him to judgment after trial on the merits. *Gariup* v. *Stern, supra; Johnson* v. *Tipton Comm. School Corp.* (1970), 253 Ind. 460, 255 N.E.2d 92; *Sekerez* v. *Gary Redevelopment Commission* (1973), 157 Ind. App. 654, 301 N.E.2d 372 (transfer denied).

An examination of the evidence adduced at the hearing on Board's petition is inhibited by considerable confusion existing in the record. Moreover, this court is not directed by appellant's brief to the parts of the record relied upon.

We, however, find that the evidence before the trial court relating to each specific contention presented by appellant under the above stated specification of error is either totally in favor of defendant Board or, at least, not without conflict. Accordingly, it cannot be said that the evidence leads only to a conclusion in favor of appellant and that the trial court reached a different one. No abuse of discretion on the part of the trial court in requiring appellant to post bond can be found.

In the absence of a showing of reversible error, the judgment of the trial court is affirmed.

Affirmed.

Garrard, J., concurs; Staton, J., concurs in result.

NOTE.—Reported at 309 N.E.2d 460.

## ON PETITION FOR REHEARING.

APPEAL—*Erroneous Presumption—Effect on Decision of Court of Appeals.*—A presumption by the Court of Appeals that "facts not found by the trial court are regarded as not proven; and the law, in effect, implies negative findings as to such issue against the party having the burden of proof" is now proscribed by Trial Rule 52(D). However, although such presumption is no longer appropriate, such error did not alter the ultimate decision of the Court of Appeals.

HOFFMAN, C.J.—Although appellant in his petition for rehearing has not raised the particular question with which we are here concerned, we nevertheless find it necessary to correct a statement made by this court in its opinion of April 11, 1974, *Sekerez* v. *Board of San. Com'rs. of San. Dist. of Gary* (1974), 160 Ind. App. 13, 309 N.E.2d 460, 41 Ind. Dec. 501, wherein the judgment of the trial court was affirmed.

In that opinion at 463 of 309 N.E.2d, at 504 of 41 Ind. Dec., we noted appellant's contention that "the findings of fact entered by the trial court are incomplete and do not cover the issues raised by the pleadings and evidence." Subsequently, it was stated that "[t]his contention, assuming it to be true, is nevertheless without merit in view of the fact that the findings and conclusions of law entered by the trial court are related to and support the theory of the case upon which the issues are drawn."

Upon reconsideration, it must be noted that this court thereafter improperly indulged in a presumption in favor of the trial court which is now proscribed by Ind. Rules of Procedure, Trial Rule 52(D). Specifically, it was stated that "[u]nder such circumstances, facts not found by the trial court are regarded as not proven; and the law, in effect, implies negative findings as to such issues against the party having the burden of proof." (At 463 of 309 N.E.2d)

Although a presumption of this nature is no longer appropriate, such error does not alter our ultimate determination. An examination of the pleadings, evidence and issues raised thereby discloses that the trial court's findings are entirely adequate.

Further, with regard to appellant's assertion that "the trial court erred in failing to make sufficient findings of fact to support its conclusions of law", we find that such conclusions, indeed, rest upon a substantial and complete factual basis.

It was not, therefore, necessary to indulge in presumptions in either of the aforementioned instances; and it must be concluded that appellant remains unaided by these errors. Accordingly, his petition for rehearing should be denied.

Appellant's petition for rehearing is denied.

Garrard and Staton, JJ., concur.

NOTE.—Reported at 312 N.E.2d 98.