**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 02 2012, 9:07 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**GARY W. MOODY**
Franklin, Indiana

ATTORNEY FOR APPELLEE:

**MICHAEL R. AUGER**
Franklin, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GARY W. MOODY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 41A04-1106-PL-294 |
| | ) | |
| CITY OF FRANKLIN, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE JOHNSON CIRCUIT COURT
The Honorable K. Mark Loyd, Judge
The Honorable Marla K. Clark, Magistrate
Cause No. 41C01-1105-PL-40

**March 2, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Gary W. Moody, pro se, appeals the trial court's order denying his petition for preliminary injunction against the City of Franklin (the City). Moody presents several issues for our review. Due to the inadequacy of the appellate materials and argument provided by Moody, however, we dismiss the appeal.

We dismiss.

On May 5, 2011, Moody filed a petition for injunction to restrain the City from awarding contracts for its 2011 Paving Program. The primary basis of the injunction sought by Moody was his belief that Trent Newport, the newly-appointed City Engineer, was not directly supervising the 2011 Paving Project. Following a hearing, at which limited evidence was presented, the trial court denied Moody's request for a preliminary injunction on May 18, 2011, and scheduled the matter for final hearing in September. Moody immediately appealed from this denial as a matter of right under Ind. Appellate Rule 14(A)(5).

Initially, we observe that Moody filed a similar suit against the City regarding the 2010 Paving Program. In October 2010, Moody unsuccessfully sought to enjoin the City from continuing with a street-paving project. His suit was based on the fact that the City Engineer (acting under the official title of Director of Engineering) at the time, Todd A. Wilkerson, was not a licensed engineer. As he does in the instant case, Moody pointed to Ind. Code Ann. § 25-31-1-19 (West, Westlaw through 2011 1st Regular Sess.), which provides that local governments and agencies "may not engage in the construction or maintenance of any public work involving the practice of engineering for which plans, specifications, and estimates have not been prepared, certified, and sealed by, and the construction and maintenance executed under the direct supervision of, a professional

engineer." Alleging that the paving project involved the practice of engineering, Moody argued that Wilkerson was not authorized to enter into the challenged contract because he was not a licensed engineer.[1] Another panel of this court recently dismissed Moody's appeal as moot, since the act Moody had sought to enjoin had already occurred. *Moody v. City of Franklin*, No. 41A05-1011-PL-693 (August 19, 2011).[2]

In the fall of 2010, apparently as a result of Moody's inquiries, Trent Newport was appointed the City's new Civil City Engineer, and Wilkerson's title was changed to Project Supervisor. As set forth above, Moody's complaint with respect to the 2011 Paving Project is that in actuality nothing has changed since the 2010 Paving Project and that Wilkerson was the one designing, contracting, and executing the 2011 Paving Project without the direct supervision of Newport, a professional engineer. The trial court disagreed, making the following relevant findings:

6. Trent Newport, P.E., is Defendant's named City Engineer. Mr. Newport is a licensed engineer….
7. Mr. Newport invoices Defendant on an hourly basis for his "City Engineer Services." These invoices show that Mr. Newport spends a minimal amount of time on his work for Defendant.
8. The legal advertisement for the Program lists Todd Wilkerson, Project Supervisor, as the contact for the Program. Mr. Newport is not named in the advertisement.
9. Mr. Wilkerson is not a licensed engineer.
10. Mr. Wilkerson and Mr. Newport exchanged email communication regarding the Program.
11. Plaintiff argues that the evidence demonstrates that Mr. Newport is not

---

[1] We note that action has been taken against Wilkerson by the Attorney General before the State Board of Registration for Professional Engineers for engaging in activities that qualify as practicing professional engineering without a license during his appointment as City Engineer between 2008 and 2010. Said action commenced with a Motion for Order to Cease and Desist filed by the Attorney General on October 13, 2011.

[2] Moody filed a belated petition for transfer, which our Supreme Court denied on February 6, 2012. Therefore, his appeal regarding the 2010 Paving Project is final.

directly involved in the preparation of the Program contract documents.

12. Taking all inferences in Plaintiff's favor..., the Court notes that Mr. Newport has, in fact, performed professional services for Defendant relating to the Program, as demonstrated by his invoices to Defendant.

13. While the statute requires that a professional engineer "directly supervise" the preparation of the contract and the work performed thereunder, there is no specific requirement about the amount of time a professional engineer must spend on the supervision, nor is there any prohibition on the professional engineer delegating some tasks to others, so long as the professional engineer directly supervises the work.

14. Mr. Newport has spent some time directly supervising the Program.

15. Plaintiff is not entitled to relief on this basis.

*Appellant's Appendix* at 7-8.[3]

We express no opinion regarding the trial court's findings and conclusion because Moody has failed to properly present his appeal. As Moody has been reminded in the past, pro se litigants are held to the same standards as trained legal counsel and are required to follow procedural rules. *See Whatley v. State*, 937 N.E.2d 1238 (Ind. Ct. App. 2010). Moody's violations of our appellate rules are flagrant. Most notably, Moody provides absolutely no citation to the record in his statement of case and statement of facts sections, in violation of Ind. Appellate Rule 46(A)(5) and (6). Further, upon our independent review of the scant and incomplete record before us,[4] we find no support for the majority of his "facts."

---

[3] This court has previously explained that the purpose of I.C. § 25-31-1-19 is to "insure that no approval is given by public officials to plans, etc. for public works which are not compiled under the supervision of a registered professional engineer." *Sekerez v. Gary Redev. Comm'n*, 301 N.E.2d 372, 375 (Ind. Ct. App. 1973). "The object is not to promote mere formality but rather to guard against the acceptance of plans furnished by unqualified sources." *Id*. Where a registered professional engineer has certified the plans pertaining to the public project and said plans were prepared under the engineer's direct supervision, I.C. § 25-31-1-19 has been "substantially complied with." *Id*.

[4] With respect to the incompleteness of the record, we observe that Moody did not include a copy of the underlying petition for injunction in his appellant's appendix, nor has he supplied us with his affidavit that was submitted and upon which he substantially relied at the temporary injunction hearing.

4

His statement of facts section is also improperly littered with argument and not "stated in accordance with the standard of review appropriate to the judgment or order being appealed." App. R. 46(A)(6)(b).

Moreover, in addition to imprecisely defining the issues presented,[5] Moody wholly fails to include in his appellate brief the applicable standard of review, as required by App. R. 46(A)(8)(b). Without a standard of review in mind, Moody then proceeds with his argument based upon a wandering discussion of the meaning of "direct supervision." Again, he provides no citation to the record[6] and little, if any, cogent argument. *See* App. R. 46(A)(8)(a) (argument section must contain the appellant's contentions on the issues presented, supported by cogent reasoning and citations to the authorities, statutes, and the Appendix relied on).

In sum, we view Moody's appellate brief as an invitation for us to do the work for him. We decline.

> While we prefer to decide cases on the merits, we will deem alleged errors waived where an appellant's noncompliance with the rules of appellate procedure is "so substantial it impedes our appellate consideration of the errors." [*Mullins v. Martin*, 615 N.E.2d 498, 500 (Ind. Ct. App. 1993)]. The purpose of our appellate rules, Ind. Appellate Rule 46 in particular, is to aid and expedite review and to relieve the appellate court of the burden of searching the record and briefing the case. "We will not become an advocate for a party, nor will we address arguments which are either inappropriate, too poorly developed or improperly expressed to be understood." *Terpstra v. Farmers and Merchants Bank,* 483 N.E.2d 749, 754 (Ind. Ct. App. 1985), *trans. denied.*

---

[5] Moody presents four "issues" that read more like a summary of argument section and do not concisely and particularly set forth the issue(s) for review, as required by App. R. 46(A)(4).

[6] We note that Moody does generally direct us twice to "See Appendix". *Appellant's Brief* at 7. This is of no help to us and is improper. *See* Ind. Appellate Rule 22(C).

*Ramsey v. Review Bd. of Ind. Dep't of Workforce Dev.*, 789 N.E.2d 486, 487 (Ind. Ct. App. 2003).

Appeal dismissed.

RILEY, J., and MATHIAS, J., concur.